A. HOLLANDER & SON, INCORPORATED, complainant-respondent,

*v.*

JOS. HOLLANDER, INCORPORATED, et al., defendants-appellants.

[Submitted February 15th, 1935. Decided May 17th, 1935.]

*Mr. John Milton* and *Mr. Milton M. Unger,* for the appellants.

*Messrs. Leber & Ruback,* for the respondent.

The opinion of the court was delivered by

DONGES, J.

This is an appeal from an order of the court of chancery granting a preliminary injunction enjoining the corporation defendant, Jos. Hollander, Incorporated, and the individual defendant, Joseph Hollander, as an officer and agent of the corporate defendant, from using the names Jos. Hollander, Incorporated, J. Hollander, Incorporated, or Hollander, in connection with the dyeing, dressing, selling, exhibiting, advertising, &c., of furs, skins and pelts, pending final hearing.

The facts are outlined fully in the opinion of the vice-chancellor (*117 N. J. Eq. 306*), and it is not necessary to set them out at length here. They are briefly: Complainant A. Hollander & Son, Incorporated, operates a fur dyeing

and dressing business which has been in existence since 1896, operated by complainant since 1919 and by its predecessors theretofore. Defendant Joseph Hollander was several times connected with complainant, being a brother of its founder, Adolph Hollander.

It appears that complainant is a leader of the industry in the production of Hudson seal, a dyed muskrat, its product being alleged to be superior to all others.

In 1918, defendant Joseph Hollander incorporated Jos. Hollander & Son, Incorporated, and entered the business in Newark. Complainant's predecessor, A. Hollander & Son, a partnership, protested the action of the defendant in using a name so similar in the business to its own, and in otherwise conducting its business in such manner as to permit confusion as to the identity of the Hollander organization involved.

Conferences were held and an agreement was reached the details of which are in dispute, but it does appear that the corporate name of defendant was changed to Jos. Hollander, Incorporated. Complainant's affidavits are to the effect that upon the changing of defendant's name and the promise of defendant not to advertise its wares to the general public but only to the fur trade, it consented to the use of the name Hollander by defendant. Complainant says it was not afraid of the use of the name within the trade because the experienced persons in the business knew its product well and would not confuse it with the product of the defendant. It was afraid, however, of the results if direct advertising were undertaken. Defendant denies any such agreement, but the fact remains that it did conduct its business in such manner until 1933 when it commenced a direct advertising campaign, which was the occurrence that precipitated the present litigation. When defendant commenced its general advertising, it, for a while, imitated a distinguishing trade-mark of the complainant, and otherwise, it would appear, attempted to take unto itself the value of the name "Hollander."

After a few weeks of negotiations in an effort to induce the defendant to cease its activities, the complainant filed its bill for an injunction, alleging unfair competition.

On affidavits and exhibits the preliminary injunction now appealed from was advised.

Under the *Citizens Coach Case, 29 N. J. Eq. 299,* a preliminary injunction should not issue unless there be urgent necessity; nor if facts necessary to entitle complainant to relief are controverted under oath; nor if the right is not clear as a matter of law.

It would appear that the complainant will be injured if defendants are permitted to conduct the proposed advertising campaign, because such advertising would tend to confuse the public as to whether the product was that of the complainant or defendant.

While the details of complainant's allegations are in dispute to some extent, in the main the history and conduct of the two business enterprises essential to a determination of the questions here involved, are uncontradicted and leave no doubt as to the situation with respect to defendant's method of advertising prior to 1933. There can be no doubt that complainant was first in the business and built up a reputation and good will; that, upon the entry of the defendant into the business a strenuous objection was voiced by the complainant; that defendant made certain concessions to this protest, even if there be dispute as to the extent of these concessions; that defendant refrained from any advertising designed to directly reach the ultimate consumer; and that, in or about 1933, the defendant departed from its practice with respect to advertising.

From the facts substantially uncontroverted, it would appear that complainant has made a showing that entitles it to have maintained the situation existing prior to the time when the defendant embarked upon an advertising campaign to directly reach the public, and when it began to use the name "Hollander" in such way as to confuse the buying public by putting "Hollander" in large type and the initial in small type.

We conclude, however, that complainant is not entitled to have the full relief afforded it by the order under review. From 1918 to 1933 the complainant acquiesced in the conduct of business by defendant under its corporate name within

the fur trade. Upon this application for preliminary relief, it is not entitled to more than to maintain the status existing when defendant is alleged to have violated its agreement and invaded the field of public advertising, and used its name in such a way as to confuse the public as to the identity of the advertiser. The effect of the order complained of will be to prevent the defendant from continuing a business that admittedly has been operated without objection for upwards of fifteen years, and to decide against defendants questions concerning which there is grave doubt.

The order under review should be so modified, pending final hearing and the further order of the court, as to restrain the defendants from using the name "Hollander" and the letter "J" in such form or manner as may tend to confuse the mind of the buying public or ultimate consumers as to the identity of the respective products of the complainant and the defendants, and to restrain the defendants from advertising its products to the buying public or ultimate consumer.

The cause will be remitted to the court of chancery with instructions to modify the order to conform to the views herein expressed.

*For modification*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.