## ADMIRAL CORP. v. PENCO., Inc.

### Civ. No. 5036.

United States District Court
W. D. New York.

Nov. 26, 1951.

Charles Shepard, Rochester, N. Y., Wilkinson, Huxley, Byron & Hume, Chicago, Ill., Gerrit P. Groen, Chicago, Ill., of counsel, for plaintiff.

Marvin L. Falk, Rochester, N. Y., Caesar & Rivise, Philadelphia, Pa., A. D. Caesar, Philadelphia, Pa., of counsel, for defendant.

BURKE, District Judge.

1. Plaintiff is a Delaware corporation having its principal office and place of business in Chicago, Illinois.

2. Defendant is a New York corporation and has a place of business at 30 South Avenue, Rochester, New York.

3. This suit arises under the trade-mark laws of the United States for infringement of registered trade-marks and for unfair competition.

4. Plaintiff was organized in 1934. At that time it took over assets from Columbia Radio Corporation which included the trade-mark "Admiral" and the good will connected therewith. Plaintiff is distributing and selling a variety of household appliances which include radio and television receiver sets, radio and phonograph combinations, dehumidifiers, electric ranges and electric refrigerators. It has also sold other household equipment and appliances from time to time.

5. In all of its advertising and sales activities plaintiff has used and is using "Admiral" as its trade-mark.

6. Among the registrations for the trade-mark "Admiral" which plaintiff has secured in the United States Patent Office are the following:

No. 273,655
403,192
407,816
409,912
412,039
440,438

Plaintiff has also registered "Admiral" as a trade-mark in other principal countries throughout the world.

7. It appears from prima facie proof that since 1934 plaintiff's sales of household appliances bearing the trade-mark "Admiral" have approximated three-quarters of a billion dollars and that such sales for 1950 were in excess of $230,000,-000.

8. Plaintiff advertises and sells all its products under the trade-mark "Admiral".

9. It appears from prima facie proof that since 1934 plaintiff has expended for advertising a sum in excess of $25,000,000.

In all this advertising the trade-mark "Admiral" has been the dominant feature. Plaintiff's current advertising expenditures are approximately $8,000,000 per year.

10. Plaintiff uses every popular means of advertising media which includes radio and television broadcasts locally and on national hookups, extensive daily newspaper and national advertising, sales promotion literature, catalogues, and the like.

11. Defendant sells a variety of household appliances including electric vacuum cleaners and electric sewing machines.

12. Defendant advertises through local newspapers and by radio. Defendant's advertisements usually feature rebuilt Electrolux vacuum cleaners for approximately $12.95 and rebuilt Singer sewing machines for approximately $24.95.

13. Defendant operates several stores throughout the State of New York in the cities of Binghamton, Rochester, Elmira and Syracuse. It employs a number of salesmen at each store to call on prospective customers, particularly those who respond to its advertisements.

14. Defendant has offered for sale and has sold a large number of electric vacuum cleaners and electric sewing machines under the trade-mark "Admiral".

15. Defendant in response to inquiries based on its advertisements calls on potential customers and displays the rebuilt vacuum cleaner or sewing machine advertised. If the customer fails to show an interest in purchasing the rebuilt device its salesmen offer to demonstrate new vacuum cleaners or sewing machines bearing the trade-mark "Admiral". It appears from prima facie proof that it is the policy of the defendant to advertise only rebuilt Electrolux vacuum cleaners and rebuilt Singer sewing machines and never to advertise Admiral sewing machines or Admiral vacuum cleaners. Currently its sales of vacuum cleaners and sewing machines in its Rochester store under the trade-mark Admiral are approximately five times as great as its sales of vacuum cleaners and sewing machines under the marks "Electrolux" and "Singer" respectively.

16. Its salesmen have called upon a number of customers in and about Rochester, New York, in response to inquiries by such customers to its advertisements offering rebuilt Electrolux vacuum cleaners and rebuilt Singer sewing machines. Several customers so approached by its salesmen when shown either the Electrolux vacuum cleaner or the Singer sewing machine upon expressing disinterest in these appliances were immediately offered a· new electric vacuum cleaner or a new electric sewing machine bearing the trade-mark "Admiral". Such customers were told or it was clearly implied to them that these appliances bearing the trade-mark "Admiral" originated with or were manufactured by Admiral Corporation. In other instances these customers, when they inquired as to the origin of the appliances offered by defendant which bore the trade-mark "Admiral", were assured that such appliances originated with the "television people", or "the Admiral Company", or similar statements were made of the plain import that its products originated with Admiral Corporation.

17. Defendant's vacuum cleaners sold under the trade-mark "Admiral" are manufactured in Chicago by the Clement Manufacturing Company.

18. The head or principal mechanism comprising defendant's sewing machine sold under the trade-mark "Admiral" is made in Japan and a label bearing the ·trade-mark "Admiral" is affixed thereto after importation into the United States.

19. Reference to the manufacturing source of defendant's Admiral vacuum cleaners and sewing machines is either entirely absent from the devices or is inconspicuously displayed and the cartons containing the vacuum ·cleaner make no reference to the manufacturing source.

20. Defendant furnishes to its customers who buy Admiral vacuum cleaners and sewing machines instruction booklets and a ·so-called 20 year guarantee certificate. These booklets and certificates refer to Admiral conspicuously as the trade-mark and also contain such legends as "Nationally distributed and serviced by authorized Admiral sewing machine dealers everywhere," when in fact this defendant operates only in New York, maintaining a few repairmen in ·connection with its stores.

21. Several of defendant's customers in and about Rochester, New York, have purchased either electric vacuum cleaners or electric sewing machines bearing the trade-mark "Admiral" from defendant, believing that such appliances were manufactured by or originated with plaintiff. The belief of such customers that defendant's products were manufactured by or originated with plaintiff was based upon affirmative acts of defendant's salesmen by either stating or clearly implying that defendant's products originated with Admiral Corporation.

## Conclusions of Law

1. This Court has jurisdiction of the parties and the subject matter of this action.

2. Penco, Inc., has competed unfairly with Admiral Corporation by offering for sale and selling electric vacuum cleaners and electric sewing machines under the trade-mark "Admiral" by representing to customers that such articles were products of Admiral Corporation.

3. It is not appropriate in the present state of the case to adjudicate all of the issues tendered by the complaint, nor is it necessary to do so to protect plaintiff's rights during the pendency of the action.

4. Admiral Corporation should have a preliminary injunction pending the final determination on the merits providing:

1. That Penco, Inc., be restrained from offering for sale and selling its electric vacuum cleaners and electric sewing machines by representing either directly or indirectly or by implication that such articles originate with Admiral Corporation.

2. That Penco, Inc., issue written instructions to its employees engaged in selling its products that such employees are forbidden to represent either directly or indirectly or by implication that articles offered for sale by Penco, Inc. under the trade-mark "Admiral" are manufactured by or have any connection with Admiral Corporation and that such written instructions be delivered to each employee engaged in selling its products.

3. That Penco, Inc. shall add conspicuously in printed bold letters to all of its written material dealing with articles marked "Admiral", whether labels, advertising circulars or literature of any other description the following: "Not connected in any way with Admiral Corporation. Manufactured by ——————————, for Penco, Inc."

4. That cartons containing any article bearing the mark "Admiral", when delivered to purchasers, shall have conspicuously printed on the outside in bold letters the same information provided in paragraph 3 above.

5. That Penco, Inc. shall delete from its written material dealing with articles marked "Admiral" legends denoting that its products marked "Admiral" are nationally distributed and serviced by authorized Admiral dealers everywhere.

5. In accordance with the requirement of subdivision (c) of Rule 65 of the Federal Rules of Civil Procedure, 28 U.S.C.A., the plaintiff shall file a bond in the amount of $5,000 for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

6. Settle decree on two days' notice.