## LORRAINE MFG. CO. v. LORRAINE MFG. CO.

Civ. 11729.

United States District Court
D. New Jersey.
Jan. 9, 1952.

968

Kenyon & Kenyon, Douglas H. Kenyon and John A. Reilly, all of New York City, George D. Richards, Newark, N. J., for plaintiff.

David Silver, Newark, N. J., for defendant.

MEANEY, District Judge.

Plaintiff, Lorraine Manufacturing Company, brings this action to enjoin defendant, Lorraine Manufacturing Co., from using in its business the corporate name Lorraine Manufacturing Company or the word "Lorraine" or any name or word so similar thereto as to be likely to cause confusion. In addition the complaint seeks an accounting of profits and damages, or in the alternative a judgment in the sum of $5,000, an order requiring the defendant to deliver up and destroy all signs, letterheads, envelopes, invoices and other material bearing the name Lorraine Manufacturing Company or "Lorraine", and finally for an award of costs.

In its answer defendant alleges that it is not a manufacturer but a contractor, that there is no confusion, that it does not advertise, that plaintiff has suffered no financial loss, that plaintiff is guilty of laches, and that there is no use of the trade-mark "Lorraine" nor of any of its labels.

The action is predicated on the Trade Mark Act of 1946, 15 U.S.C.A. § 1051 et seq.

The parties entered into two stipulations which were received in evidence and there were admissions by both litigants which were likewise received in evidence.

### Findings of Fact

1. Plaintiff is a Rhode Island corporation of over fifty years standing. It maintains its sales office in New York City.

2. Plaintiff has registered its trade-mark with the United States since 1915, and the present registrations under the Trade Mark Act of 1946, 15 U.S.C.A. § 1051 et seq., are dated 1948.

3. Plaintiff's trade-mark has been registered in the State of New York since 1934, and in the State of New Jersey since 1947.

4. Plaintiff is a manufacturer of worsted fabrics. These fabrics are primarily sold to the garment manufacturing trade.

5. Plaintiff's principal trade-mark is the name "Lorraine" which appears by means of a hang tag on every piece of goods that leaves its mill.

6. Plaintiff also furnishes "Lorraine" labels to manufacturers, which labels can be sewn into the garments to identify the fabric used in the garments.

7. Plaintiff has spent over one million dollars on nation-wide advertising of its product, and the garment trade has expended about three million dollars in exploiting the "Lorraine" name since 1930 on a national scale.

8. Defendant is a New Jersey corporation incorporated to manufacture ladies' coats. It has its place of business in Jersey City, New Jersey.

9. Defendant is engaged in the business of a "contractor." In this role it receives cut-up garments from jobbers. These garments are sewn, pressed and finished and then sent by truck to those firms for which the jobbers wish the goods to be made.

10. Defendant's use of the trade-mark "Lorraine" consists of the following: as its corporate name, on signs on the outside and inside of its shop, on its letterheads, billheads and envelopes, and in its telephone listing.

11. Defendant does not label its goods in any way, nor does it advertise other than by use of the methods enumerated in finding number 10.

12. The name "Lorraine" was selected because it was the name of a young lady whom the defendant's president met at the time of the establishment of the business.

13. Defendant neither manufactures nor purchases any fabric of any kind.

14. The parties have several customers in common, perform their services for the garment manufacturing trade, and are in related businesses.

15. No damage has as yet been caused by the defendant's activities, nor has there been any demonstrated profit to the defendant.

16. Plaintiff first learned of defendant's existence in 1947, and after attempting a settlement commenced this action in 1948.

## Dicussion

This court has jurisdiction of this action. See International Allied Printing Trades Ass'n et al. v. Master Printers Union of New Jersey, D.C.D.N.J.1940, 34 F.Supp. 178.

Whether the federal or the state law is to govern in actions of this sort is a subject of conflict among the circuits. This circuit applies the law of the state. See Campbell Soup Co. et al. v. Armour and Co., 3 Cir., 1949, 175 F.2d 795.

The most significant pronouncement of the highest court of New Jersey is in the case of American, etc., Ass'n v. Automobile Ass'n of N. J., E. & A.N.J.1948, 142 N.J.Eq. 673, 61 A.2d 148. There, in ruling on an order striking portions of the complaint, the court, quoting Cape May Yacht Club v. Cape May Yacht & Country Club, Ct.Ch. N.J.1913, 81 N.J.Eq. 454, 86 A. 972, said, "All that is required to bring into activity the injunctive powers of the court is to inform it that the complainant's trade is in danger of harm from the use of its name by the defendant in such a way as is calculated to deceive the public into the belief that the defendant's affairs, in the respect complained of, are those of the complainant." See American, etc., Ass'n case, supra, at page 677, 61 A.2d at page 151.

New Jersey courts have ruled that there must be actual competition before there can be unfair competition. See National Grocery Co. v. National Stores Corporation, Ct.Ch.N.J.1924, 95 N.J.Eq. 588, 123 A. 740; affirmed, E. & A.N.J.1925, 97 N.J.Eq. 360, 127 A. 925. However, in Baltimore v. Clarke, Ct.Ch.N.J.1942, 131 N.J.Eq. 290, 25 A.2d 30, this rule was cited and, although the court found that there was no actual competition, the injunction was granted. The basis of this determination was that the court found that there might be actual competition in the future, and this was the ground on which the finding was made. Subsequently on appeal, this case was affirmed. See Baltimore v. Clark, E. & A. N.J.1942, 132 N.J.Eq. 374, 28 A.2d 169.

In the instant case there exists no actual competition, nor has there been any in the past. There is, however, a possibility of future actual competition. Accordingly, the failure of the plaintiff to establish actual competition is not fatal.

Nor is the fact that defendant acted without intent to deceive, conclusive. See Polackoff v. Sunkin, E. & A.N.J.1934, 115 N.J.Eq. 134, 169 A. 724. The court in that case further holds that it is interested in the consequences of the act as well as the intent. The consequences of the act in the matter at bar are that defendant in using a registered trade-mark that has acquired a significance and is understood as referring to plaintiff's business, is doing an act which could result in confusion. The courts will act to prevent such use. See Polackoff case, supra.

Defendant alleges in its answer that plaintiff has been guilty of laches. While this is a defense to an action for an accounting for past profits and damages, it is not a bar to the granting of injunctive relief against future infringement. See A. Hollander & Son, Inc., v. Jos. Hollander, Inc., Ct.Ch.N.J.1934, 117 N.J.Eq. 306, 175 A. 628; modified E. & A.N.J.1935, 118 N.J.Eq. 262, 178 A. 786. The plaintiff herein seeks both an injunction and an accounting. However, there can be no accounting as there has been no proof of past injury to the plaintiff or of profits accruing to the defendant by reason of its use of the name "Lorraine." Whether plaintiff is guilty of laches is therefore of no consequence.

Finally, the court is of the opinion that plaintiff is entitled to the costs of this action. See 15 U.S.C.A. § 1117.

See Household Finance Corporation v. General Household Credit Corporation, D. C.D.N.J.1943, 49 F.Supp. 541, for the disposition of a similar case in this District.

## Conclusions of Law

1. The plaintiff's name has acquired a significance and is understood as referring to its business.

2. The defendant has used the name "Lorraine" in a manner calculated to cause the belief that the defendant's business is that of the plaintiff.

3. Accordingly, the plaintiff is entitled to a permanent injunction forbidding the defendant from using the name "Lorraine" in its business.

4. Plaintiff is not entitled to any further relief save costs of this action.

Let an order be submitted.