**ELCON MANUFACTURING CO., a corporation of California, Plaintiff,**

v.

**ELCON MANUFACTURING CO., a partnership, and Alex K. Niemi, Carl E. Soderstone and Walter S. Johnsen, individually and as partners doing business as Elcon Manufacturing Co., Defendants.**

Civ. A. No. 13073.

United States District Court
E. D. New York.
July 20, 1955.

Burgess, Ryan & Hicks, New York City, for plaintiff, by H. H. Hamilton, New York City, of counsel, for the motion.

Emanuel Greenberg, New York City, for defendants, in opposition.

RAYFIEL, District Judge.

This is an action for unfair competition and infringement of trade mark. The complaint was filed in November, 1952, and, with leave of the Court, a supplemental complaint was filed in July, 1954.

Both the plaintiff and the defendants do business under the name Elcon Manufacturing Co. The plaintiff is a corporation, organized under the laws of the State of California, and the defendants are co-partners, maintaining their principal place of business in the Eastern District of New York.

The plaintiff moves for an injunction, pendente lite, asking, inter alia, that the defendants and all those in concert or participating with them be enjoined from:

"(a) Directly or indirectly using the name Elcon Manufacturing Co. and any colorable imitation or simulation thereof, and of any name confusingly similar thereto on or in conjunction with the sale or advertising of electrical connectors, electrical wiring devices and other electrical components;

"(b) From directly or indirectly using the trade-mark Elcon and any colorable imitation or simulation thereof, and of any trade-mark confusingly similar thereto on or in conjunction with the sale or advertising of electrical connectors, electrical

wiring devices and other electrical components;

"(c) From aiding, abetting or assisting others in the commission of the aforesaid acts; and

"(d) From otherwise competing unfairly with or infringing upon plaintiff's name and trade-mark."

The plaintiff claims that its predecessor, Electrical Connectors, Ltd., was established in California in 1942, and adopted the name "Elcon" as a trade mark for electrical connectors made by it. In 1945 it changed its name to Elcon Manufacturing Co., and in 1947 it was incorporated under that name.

The defendants began to do business under the name Elcon Manufacturing Co. in 1949, and have continued to do so since that date.

Both plaintiff and defendants manufacture electrical connectors. The plaintiff does business almost exclusively with the United States Government and with large manufacturers of aircraft, while the defendants do business with the trade generally. The plaintiff claims that the identity of names has caused and is causing confusion and resultant substantial damage to it, and on the argument of the motion herein offered an exhibit containing letters and telegrams directed to the plaintiff, but obviously intended for the defendants, inquiring about products manufactured by the latter. There appears to be no doubt that the use of identical names by the plaintiff and the defendants is causing confusion. The defendants contend, however, that they have been using the name in the trade generally since the organization of their partnership in 1949; that they do not compete with the plaintiff; that they were the first to use the name Elcon in the State of New York and various other eastern states in connection with the type of products with which we are here concerned; that the plaintiff's business is limited in scope; that the plaintiff is guilty of laches, two years having elapsed between the commencement of this action and the making of this application; and

that no confusion has resulted from the identity of names.

 It is evident from the papers before me that the plaintiff used the name Elcon in connection with the sale of electric connectors long prior to the inception of the defendants' business. I reject the defendants' contention that the plaintiff's motion should be denied because the defendants do not compete with it directly. In one of the leading cases on the subject, Admiral Corp. v. Penco, D.C., 101 F.Supp. 677, Id., D.C., 106 F.Supp. 1015, affirmed 2 Cir., 203 F.2d 517, the Court held that despite the fact that the plaintiff did not sell vacuum cleaners or sewing machines, the goods on which the defendant had used the trade mark "Admiral", it would grant a preliminary injunction because of the confusion in the names. I reject, too, the defendants' contention that the plaintiff is not entitled to the relief sought herein because they, the defendants, were the first to use the name in the State of New York and other eastern states. The law is well settled that the registration of plaintiff's trade mark "Elcon" gives it the exclusive right to use the mark in interstate commerce. See Trade Mark Act of 1946, 15 U.S.C.A. § 1057(b); Sterling Brewing, Inc., v. Cold Spring Brewing Corp., D.C., 100 F.Supp. 412.

The evidence presented by the plaintiff as to the inquiries made by the trade and the existing confusion caused by the identity of names is uncontroverted. If such confusion should continue until the trial of the action has been concluded as appears to be likely, the plaintiff would suffer irreparable loss and damage, more particularly because of the wide area covered by its operations, the nature of the damage it would sustain, and the difficulty of the accurate ascertainment thereof.

I am obliged, therefore, to grant the relief sought herein by the plaintiff. However, the plaintiff failed to make its application for such relief until two years after the commencement of the action, during which period the defendants claim they have made a large quantity of merchandise bearing the name "Elcon". They should be given a reasonable opportunity to dispose of the same and to change their dies. The plaintiff, conceding their right to such opportunity, suggests that the changes can be effected within 60 to 90 days. I think that period would be inadequate. I shall allow them six months from and after the service of the order to be entered herein, together with notice of entry thereof, to comply with the terms and conditions thereof. The motion for an injunction is granted upon condition that the plaintiff file a bond in the sum of $10,000 to secure the payment to the defendants of such costs and damages as they may incur or suffer if they should be found to have been wrongfully enjoined or restrained.

Settle order on notice.