The SEVEN-UP COMPANY, Plaintiff-Appellant,

v.

BLUE NOTE, INC., Defendant-Appellee.

No. 12297.

United States Court of Appeals Seventh Circuit.

Oct. 28, 1958.

Rehearing Denied Dec. 3, 1958.

Beverly W. Pattishall, W. Thomas Hofstetter, Chicago, Ill., for plaintiff-appellant. Woodson, Pattishall & Garner, Chicago, Ill., John T. Tabor, St. Louis, Mo., of counsel.

Jack H. Oppenheim, Sidney R. Zatz, Chicago, Ill., for defendant-appellee. Arvey, Hodes & Mantynband, Chicago, Ill., of counsel.

Before HASTINGS and KNOCH, Circuit Judges, and WHAM, District Judge.

KNOCH, Circuit Judge.

Plaintiff, owner of the registered trademark for a beverage "Seven-Up," sought damages and injunctive relief against alleged passing off of a beverage, other than plaintiff's product, to persons requesting plaintiff's product at defendant's restaurant and place of entertainment.

In support of its challenged assertion that the jurisdictional requirement had been met, plaintiff contended that the value of its good will—the right sought to be protected—constituted the measure of the amount in controversy.

■ In a carefully reasoned memorandum, the District Court came to the conclusion that plaintiff had failed to sustain its burden of establishing the existence of federal jurisdiction. The District Court relied on Seagram-Distillers Corp. v. New Cut Rate Liquors, 7 Cir., 1957, 245 F.2d 453, wherein this Court held that the amount in controversy was measured by the extent of the injury caused or threatened, unless the action were predicated on a theory of total destruction. This was consistent with the holding in Snap-On Tools Corp. v. Winkenweder & Ladd, Inc., 7 Cir., 1957, 250 F.2d 154, mistakenly cited by plaintiff in support of its attempt to distinguish Seagram as dealing with unfair competition in retail sales price in contrast to plaintiff's charge of unfair competition by passing off.

However, as noted by the District Court, KVOS, Inc., v. Associated Press, 1936, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183; and McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; cited in the Seagram case, clearly indicate the reasoning followed by this Court.

■ Plaintiff argues that this case may fall within the same class of cases as that represented by Snap-On, or that jurisdiction may exist solely by reason of the trademark infringement charged. Neither argument is supported by plaintiff's pleadings or evidence. In holding adversely to plaintiff's assertion of federal jurisdiction by virtue of the Lanham Act, 15 U.S.C.A. § 1051 et seq., the District Court relied on our ruling in City Messenger of Hollywood Inc., v. City Bonded Mess. Serv., 7 Cir., 1958, 254 F.2d 531, certiorari denied 79 S.Ct. 45.

Judgment affirmed.

HASTINGS, Circuit Judge (concurring).

Appellant's well-known trade-mark, "Seven-Up," is registered both with the United States Patent Office and the Secretary of State of the State of Illinois. Appellee owns and operates a restaurant and place of entertainment in Chicago, Illinois. This suit was brought by appellant as a diversity action seeking dam-

ages for, and injunctive relief from, appellee's alleged unfair practice of passing off a beverage other than "Seven-Up" to customers ordering that drink at appellee's place of business. Appellee, in its answer denied, among other things, the formal allegation of the complaint that the amount in controversy exceeded the $3000 requisite for diversity jurisdiction and moved to dismiss the suit. Appellant then moved for a preliminary injunction, pending the litigation, and, after both parties had submitted briefs and affidavits, the trial court ruled that appellant had failed to sustain its burden of establishing the existence of federal jurisdiction, denied the motion for a preliminary injunction and dismissed the complaint.

It is urged on this appeal that the trial court erred in determining the value of the amount in controversy by considering only the actual monetary damage resulting from the loss of sales (past and prospective) occasioned by appellee's alleged illegal practices. Appellant contends, in effect, that, by this action, it seeks primarily to protect its good will as symbolized by its registered trade-mark and that, consequently, the value of its good will, so symbolized, and vastly in excess of $3000 in value, is the actual amount in controversy.

The trial court dismissed the complaint in this case in reliance upon this court's decision in Seagram-Distillers Corp. v. New Cut Rate Liquors, Inc., 7 Cir., 1957, 245 F.2d 453; certiorari denied, 355 U.S. 837, 78 S.Ct. 61, 2 L.Ed.2d 48. That case involved a diversity suit to enjoin alleged violations of fair trade contracts entered into in accordance with the Illinois Fair Trade Act, Ill.Rev.Stat.1957, c. 121½, § 188 et seq. This court held, with one judge dissenting, that, in a diversity suit, in which injunctive relief is sought for the protection of a property right, *which*

*property right is threatened with injury but not with destruction,* the amount in controversy is, not the entire value of the property, but the actual extent of damages, past and prospective, to that property. The court based its decision on McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 and KVOS, Inc. v. Associated Press, 1936, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183 and, in line with the reasoning of those cases, held that where a defendant in such a suit properly challenges the allegations of jurisdictional facts, the burden is on the plaintiff to sustain those allegations by competent proof. The district court found that the instant case involved, at best, a *threatened injury* to plaintiff's good will and held that there was a complete failure of proof that the extent of damages, past or threatened, totaled the requisite $3000.

Appellant contends that it is a generally accepted rule that, in an action for unfair competition, the amount in controversy is the value of the trade-mark or good will sought to be protected. See Ambassador East, Inc., v. Orsatti, 3 Cir., 1958, 257 F.2d 79; Admiral Corp. v. Penco, Inc., 2 Cir., 1953, 203 F.2d 517, 520. A closely related proposition is that in a suit to enjoin injury to property (such as nuisance or continuing trespass), the amount in controversy is the value of the property. Glenwood Light and Water Co. v. Mutual Light, Heat and Power Co., 1915, 239 U.S. 121, 36 S.Ct. 30, 60 L.Ed. 174; Kelly, Inc., v. Lehigh Nav. Coal Co., Inc., 3 Cir., 1945, 151 F.2d 743, 747.

The authorities cited by appellant are not inconsistent with the Seagram case's formulation of a distinction between two classes of diversity action of this type, although, admittedly, there is some conflict between the circuits in their approach to the jurisdictional question.[1]

---

[1] The courts in at least two circuits have accepted jurisdiction in fair trade cases on the basis that the injury, if any, is to the good will of the plaintiffs. Sunbeam Corp. v. Richardson, D.C.W.D.Ky.1956, 144 F.Supp. 583 (reversed by the Court of Appeals for the Sixth Circuit on other than jurisdictional ground, 1957, 243 F. 2d 501); Morris Corp. v. Hess Brothers, Inc., 3 Cir., 1957, 243 F.2d 274. The jurisdictional question was not raised in Morris Corp. nor was it raised in General

The Court of Appeals for the Third Circuit recently reaffirmed its holding that, in a suit to enjoin trade name infringement, the jurisdictional amount is to be based on the value of the property right (the good will of plaintiff) being injured. Ambassador East, Inc., v. Orsatti, Inc., 3 Cir., 1958, 257 F.2d 79. That court, in so doing, reversed the district court which had relied on the Seagram case of this circuit, and two other cases, Food Fair Stores, Inc., v. Food Fair, Inc., 1 Cir., 1949, 177 F.2d 177 and Pure Oil Co. v. Puritan Oil Co., Inc., D.C.D.Conn. 1941, 39 F.Supp. 68, 69,[2] as supplying the correct method to be used in calculating the jurisdictional amount. It held that the plaintiff, owner of a hotel in Chicago, could bring suit in the federal courts to enjoin a violation of its trade name by the owner of a hotel in Philadelphia.

The Pure Oil case also involved a trade name infringement. The defendant in that case owned a single service station as opposed to the plaintiff's nationwide operation. The suit was for the purpose of enjoining defendant's use of the name "Pure" in connection with its oil and gas products. Chief Judge Clark of the Second Circuit, sitting as a district judge, held that, where the operations of a violating user of a trade name did not tend to divert customers, the unjustified appropriation of a trade-mark or name, while a wrong, did not carry with it definite damage unless the appropriator's service was of a low quality or the wrongful use destroyed what would otherwise be the uniqueness of associations of the mark. The value of the good will could be the amount in controversy *only* if the entire value of the good will was threatened by the alleged infringement. It was pointed out that the statements in the various authorities to the effect that the value of the good

will is the amount in controversy signified only that damages were not to be limited to those accrued but should include those *reasonably to be expected to occur in the future.*

The Court of Appeals for the First Circuit, following the approach of Chief Judge Clark outlined above, held that the requirement of jurisdictional amount was adequately met in Food Fair Stores, Inc., v. Food Fair, Inc., supra. The defendant in that case also owned one local store, not in competition with those of plaintiff. The court held that in arriving at the amount in controversy it could and would consider the probability of injury to plaintiff's plans to open a store in the locality of defendant's store, and on this basis distinguished Pure Oil on the facts.

In the instant case the alleged passing off by appellee of a beverage other than appellant's "Seven-Up" to customers ordering that drink is admittedly wrongful. However, there is nothing in the affidavits of appellant to indicate that it results in a loss of sales to it or in any way inflicts injury on its trade-mark or good will. It would be manifestly arbitrary to measure the amount in controversy by reference to the value of appellant's good will irrespective of the extent of injury to that property. Lacking proof of injury to its good will for which it would be entitled to damages, appellant cannot maintain this action in the federal courts as a diversity action.

Although the only ground of jurisdiction alleged in the complaint is that of diversity of citizenship, appellant contends that jurisdiction also exists either because of the basic trade-mark infringement provisions of the Lanham Act (15 U.S.C.A. §§ 1057(b), 1115(a) and 1116) or under the unfair competition section of that Act (15 U.S.C.A. § 1126).

Electric Co. v. Hess Brothers, Inc., D.C.E.D.Penn.1957, 155 F.Supp. 57 recently decided in that circuit. The question was properly raised in the Sunbeam Corp. case, supra, but not successfully. The court, on appeal in that case, did not consider the question.

Our court has since reaffirmed its holding in Seagram in the case of Calvert Distillers Co. v. Wish, 7 Cir., 1958, 259 F.2d 323.

2. Reversed, 2 Cir., 1942, 127 F.2d 6, on grounds not material to the instant case.

With regard to the trade-mark infringement, it was not alleged nor was any evidence offered to show that the "passing off" by appellee had any substantial effect on interstate commerce. The requirement that the infringing use be in interstate commerce is clearly not satisfied in this case. 15 U.S.C.A. § 1114; Admiral Corp. v. Penco, Inc., 2 Cir., 1953, 203 F.2d 517.

The contention that jurisdiction is vested in the federal courts on a naked claim for unfair competition was, as pointed out by the majority opinion, adequately answered in the negative in our opinion in City Messenger of Hollywood v. City Bonded Messenger Service, 7 Cir., 1958, 254 F.2d 531, certiorari denied 79 S.Ct. 45.

For the foregoing reasons I would affirm the judgment of the district court.