**ALLIED CHEMICAL COATINGS, INC.,**
Defendant, Appellant,

v.

**ALLIED CHEMICAL CORPORATION,**
Plaintiff, Appellee.

No. 5540.

United States Court of Appeals
First Circuit.

Heard Oct. 6, 1959.

Decided Dec. 4, 1959.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

Appellee, a New York corporation, brought suit in the district court against appellant, a Massachusetts corporation, alleging unfair competition and injury to its trade name. Jurisdiction was asserted to rest upon diversity of citizenship and amount in controversy, Title 28 U.S.C. § 1332(a) (1). Plaintiff sought injunctive relief in accordance with the Massachusetts "anti-dilution" statute, Mass.G.L.(Ter.Ed.) c. 110, § 7A, and an accounting. During the trial, but before the close of plaintiff's case, it appeared that the parties were not in competition (which is not fatal to injunctive relief under this statute), and that plaintiff had not made, and could not make, any showing of past or threatened pecuniary damages. The court thereupon announced, on its own motion, that it was unable to see on what basis the jurisdictional amount was involved. A discussion ensued, during which the court indicated that in its opinion the value of plaintiff's good will could not be the sole judicial yardstick.[1] At the end of the colloquy counsel for plaintiff-

---

[1.] Compare Food Fair Stores, Inc. v. Food Fair, Inc., 1 Cir., 1949, 177 F.2d 177, and Seven-Up Co. v. Blue Note Inc., 7 Cir., 1958, 260 F.2d 584, with Ambassador East, Inc. v. Orsatti, Inc., 3 Cir., 1958, 257 F.2d 79. See, also, McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 181, 56 S.Ct. 780, 80 L.Ed. 1135.

appellee stated, "I wonder whether your Honor would be willing to entertain a motion that the plaintiff's case be dismissed without prejudice, in view of your Honor's strong feelings about jurisdiction." The court then entered an order dismissing the action for want of jurisdiction. Defendant-appellant appealed. Plaintiff did not appeal, and, as appellee, submitted, without brief or argument.

The ground of appellant's argument in the court below was that the court was adopting an improper standard by which to determine the amount involved in an action for injunctive relief. Strictly, however, the discussion was premature. Because of appellant's persistent objections to plaintiff's evidence the record did not, and does not now, contain sufficient foundation for even appellant's theory of jurisdiction. Consequently, its argument in this court cannot be, and is not, that jurisdiction had been shown. Instead, it says that it was "error for the Court to preclude the plaintiff from going further by dismissing the action before the plaintiff had concluded its case."

A short answer to this might well be that the court did not "preclude" the plaintiff—the plaintiff did not seek to offer any further evidence. On the contrary, plaintiff was the one, ultimately, to have suggested that the court dismiss. But quite apart from that, appellant could have no standing to complain because of injury to the plaintiff. Merely "precluding" the plaintiff could not injure appellant. If the court had refused to dismiss, it could not have compelled plaintiff to introduce evidence, and if plaintiff had offered nothing further, the record would have remained where it now is.

Possibly appellant has poorly stated its position, and what it really means is that it should have been permitted itself, if plaintiff chose not to do so, to introduce evidence which would show a jurisdictional basis. If so, it made no such attempt in the court below.

The matter comes down to this. In the course of plaintiff's case the court of its own motion, and quite properly so, since the issue was basic, expressed its views on what was required to establish the jurisdictional amount in a suit based upon the Massachusetts statute. The plaintiff voiced regret, but stated that since the court felt as it did, it preferred not to proceed. Appellant indicated its disagreement, both with the court's views on jurisdiction, and with plaintiff's desire to discontinue. The court thereupon, rather than granting plaintiff's motion to dismiss, reiterated its views as to the proof needed to establish the jurisdictional amount, and dismissed the action for lack of jurisdiction, stating that if appellant disagreed with its opinion, it could appeal. On the record, at the time of dismissal, there had been no affirmative showing of jurisdiction under any theory, either by evidence, or by offer of proof.

The court could not, by telling appellant he could appeal, confer upon us jurisdiction to pass upon jurisdictional theories in vacuo, and we do not do so. And, since we have been shown no basis of jurisdiction in the district court, we do not reach substantive questions of a defendant's general right to appeal from a dismissal without prejudice. See New York, Chicago & St. Louis R. Co. v. Vardaman, 8 Cir., 1950, 181 F.2d 769, and cases cited therein.

An order will be entered dismissing the appeal for lack of jurisdiction.