**ESSO STANDARD OIL CO. v. BAZER-MAN et al.**

Civ. 11652.

United States District Court
E. D. New York.
June 18, 1951.

984

Alexander, Cooper, Maltitz, Derenberg & Daniels, New York City, for plaintiff (Robert H. Scholl, F. X. Clair, Clifton Cooper, Joe E. Daniels, Walter J. Derenberg, and Louis Kunin, New York City, of counsel).

Milton Pinkus, Hempstead, N. Y., for defendants.

BYERS, District Judge.

This is a plaintiff's motion for a preliminary injunction in an action in which infringement by defendants of plaintiff's trade-mark ESSO is alleged, and also unfair competition in employing the trademark as a sign in simulation of plaintiff's similar display, and in adopting as a trade-dress for its filling stations, a color scheme and general arrangement which is confusingly similar to that used by plaintiff's filling station operators.

The allegations of the complaint, apart from purely formal matters, are put in issue by the answer—which has not been filed, but is copied in plaintiff's motion papers.

The motion is based upon affidavits which are quite informative as to the identity among users which has been established for the plaintiff's filling stations during the past sixteen years or so, in the course of promoting a public demand for the plaintiff's gasoline and motor oils. Certain incidents therein are denied in the opposing affidavits by one of the defendants and certain of his employees.

For present purposes there seems to be no dispute as to the following matters:

A. The defendants prior to the "early part of 1950" (Bazerman affidavit) operated six filling stations at certain enumerated places in Nassau County in this district, under an undisclosed name and style. At the last-mentioned period, the partners adopted the business style "Duel Service Stations", having organized in 1947 a corporation known as "Duel Oil Burner Co., Inc."

The significance—if any—of the word "Duel" is not explained.

Until 1950 the stations themselves were not painted in the same colors as those selling the plaintiff's products, and the sign displayed was a red triangle, and the pumps were painted green and white.

The new trade-dress adopted by the defendants involved:

A sign conspicuously swung to attract the eye of motorists, which was oval in form, white in color with a blue rim, and showing in large red block letters, the word DUEL. The size and method of its display were substantially like those of the plaintiff except as to the lettering and the word ESSO.

B. The pumps from which gasoline was dispensed were painted blue and red, respectively, of substantially the same shade as was used on ESSO pumps, the panels of which, front and rear, were of white.

C. The structures of the stations were painted white, there being a base line in red, seemingly a foot or so in width, in a similar shade to that prescribed by plaintiff to its dealers.

D. The defendants dispense gasoline at a price of 4 or 5 cents a gallon less than that charged at plaintiff's stations.

Thus it will be seen that there is a sufficient appearance of deliberate purpose on defendants' part, to suggest to the motor-

ing public a possible connection with or relation to the plaintiff's business, which has no basis in fact.

That trade-dress of filling stations has come to play an important part in the retail distribution of gasoline and motor oil, within the past dozen years or so, is within common knowledge. Whether there is enough actual difference in the quality and essential character of the several brands of gasoline to so justify, the fact is that many drivers of automobiles proclaim a preference for one make or another; the distinctive appearance of a given filling station, namely, its trade-dress, facilitates recognition while in rapid motion and at a distance, and in time to arrange for access to the station of a given driver's preference. Other elements of course, such as the attitude of attendants and the maintenance of the station, may also be involved, but all factors that contribute to ready and accurate identification are of importance to those who supply filling stations, and to those who conduct them as a chosen calling.

With this understanding for preliminary purposes, the papers now before the Court indicate that, while the presence of the word DUEL in the defendants' oval sign may avoid infringement of the registered trade-mark, its display in the same color scheme as that chosen by the plaintiff comes close to an attempt to suggest consanguinity with it for trade purposes. If the word DUEL were to be in white against a background of blue, thus dispensing with a contrasting rim; and if the pumps were to be painted gray with dark blue panels front and back; and if the base line of red on the structures were to be changed to black or dark blue, it might well be that the action could be settled without going to trial. I suggest that these matters be taken under advisement.

If this suggestion is not acceptable, to parties will please so notify the Court within eight days from the filing of this memorandum, and a decision will be appended at its foot.