**GAYLORD PRODUCTS, Incorporated, Plaintiff,**

v.

**GOLDING WAVE CLIP CO., Inc., Mac, Kayn Brothers & Band, Inc., Irving Golding and Stanley J. Rosenfeld, Defendants.**

**Civ. A. 7673.**

United States District Court
W. D. New York.

Feb. 7, 1958.

Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, N. Y. (John E. Dickinson, Buffalo, N. Y., of counsel), for plaintiff.

Moule, Miles & Cochrane, Buffalo, N. Y. (Raymond T. Miles, Buffalo, N. Y., of counsel), for defendants.

MORGAN, District Judge.

A Chapter XI (section 722 et seq., Title 11 U.S.C.A.) Proceeding was filed by Mervin Wave Clip Co., Inc., a wholly owned subsidiary and Smith Victory Corporation, the parent company, on May 14, 1956. At that time, a representation was made to the court that a debtor-in-possession proceeding was desirable to preserve a local industry and the jobs of some 200 employees. The debtor-in-possession proceeding was most unpleasant. The details are not pertinent here. Suffice to say, that a revised plan of arrangement was filed in July, 1957, at which time the plaintiff herein and the debtor-in-possession made it plain to the court that the business was not to be continued, but the physical assets transferred to the plaintiff's plant if and when a pending purchase from the debtor-in-possession was consummated. That purchase was not consummated.

On August 5, 1957, the matter having been referred to the Referee in Bankruptcy, the Smith Victory Corporation and Mervin Wave Clip Co., Inc., were each adjudicated bankrupt. Thereafter, an appraisal was made and the duly appointed appraisers of Bankruptcy Court appraised the machinery and equipment, the inventory and the tools and dies (of no value in the event of liquidation) at $75,065.50, and the same items (tools and dies in a going business $25,000) at over $200,000 if the property was sold as a going business. This inventory did not include accounts receivable, orders on hand or good will.

The auctioneer appointed in Bankruptcy Court noticed the sale of the entire operating business and all tangible and intangible assets of the Smith Victory Corporation and the Mervin Wave Clip Co., Inc., including machinery, tools and equipment, office furniture and equipment, all jigs, tools, dies and factors, good will, trade names, trade-marks and patents, finished and unfinished inventories and 100% of the capital stock of the Mervin Wave Clip Co., Inc., subject to the confirmation of the Referee. Included in the detail was the item "approximately $30,000 unfilled customers' orders".

The plaintiff in this case was the purchaser of everything at the bankruptcy sale except the accounts receivable. The defendant, Golding Wave Clip Co., Inc., is a corporation formed on or about August 13, 1957 and the defendant, Irving Golding, is its president and defendant, Stanley J. Rosenfeld, its vice-president. The defendant Mac, Kayn Brothers & Band, Inc., were the distributors for the bankrupt corporations and are the distributors for the defendant, Golding Wave Clip Co., Inc. The evidence is uncontradicted that Golding and Rosenfeld asked Irving Greene, executive vice-

president of plaintiff, during the pendency of the proceeding, if his company had any objection to their formation of a company to manufacture and sell similar items. They made similar inquiry of the Referee in Bankruptcy and this court. No one objected. Such approval, if it could be so termed, did not contemplate unfair competition.

The item of $30,000 of unfilled customers' orders was never verified, nor was any evidence adduced in this proceeding to show the detail of such orders.

Plaintiff brings this action against all the defendants for breach of trust, wrongful interference with contract and other related interests, unfair competition and unfair trade, wrongful appropriation of property and unjust enrichment and conspiracy to commit such acts, alleging a cause of action for compensatory and punitive damages. The plaintiff further demands a premanent mandatory injunction against each of the defendants directing that Golding Wave Clip Co., Inc., terminate its existence and cease doing further business and enjoining the other defendants from wrongfully interfering with the contracts and business relationships of Mervin Wave Clip Co., Inc. and the plaintiff, and from representing that the defendants, or any of them, are successors to Mervin Wave Clip Co., Inc., and from copying, reproducing, using, infringing or imitating plaintiff's cards and boxes, trade-marks, trade names, designs and slogans; and engaging in unfair competition with the plaintiff. Alleging no legal relief possible from the claimed interference with its business, plaintiff seeks a temporary restraining order because of alleged confusion in the trade. The "Mervin Wave Clip" was a recognized article, as were the "Hollywood Hair Rollers". These are sold to beauticians in quantity; and are items, in each case, three on a card, sold to customers of large chain stores merchandising a variety of products. The evidence shows that the defendants Golding and Rosenfeld were planning a similar enterprise to that of Mervin Wave Clip Co., Inc., to commence after the ad-

judication. Each of these men testified and vehemently denied any planning in advance, or any intentional or colorable imitation of the cards upon which the clips and rollers are displayed, or the boxes in which they are contained. It appears, however, that during the pendency of the debtor-in-possession proceedings, a shipment of aluminum was received at the debtor's plant and purchased by Messrs. Golding and Rosenfeld and later fabricated by them. It also appears that while the quantity or detail is not clear, there were, as Rosenfeld testified, "unfilled orders lying around which had been abandoned." The defendant, Mac, Kayn Brothers & Band, Inc., and the independent agents, who had formerly represented Mervin Wave Clip Co., Inc., in the last sixty days of the existence of that company, were unable to obtain delivery of completed orders. Defendants contend that because of the urgent demand for merchandise from the distributor and agents or factors, they decided to go into business. The individual defendants similarly deny any such thought until August 5, 1957. Despite this claim the dies, cards and boxes represent such a colorable imitation of the Mervin products, purchased by the plaintiff, insofar as the wave clips and hair rollers are concerned, as to constitute unfair competition. No evidence was presented as to trade-marks or patents being in existence and the defendants contend that the original Mervin card to display the hair rollers was copied from a competitor long before the proceedings in this court. Because of questions of fact as to the alleged contract interference, no disposition of that will be made in this proceeding. As was said in Oakite Products v. Boritz, 161 Misc. 807, 293 N.Y.S. 399, citing Celotex Co. v. Chicago Panelstone Co., 49 F.2d 1051, 18 C.C.P.A., Patents, 1504, plaintiff does not appear to be entitled to a monopoly of certain terminology.

However, when corporate officers of a debtor-in-possession adopt and use marks, language and coloring on cards and boxes not sufficiently dis-

similar to those of the plaintiff to prevent confusing similarity of such marks, cards and boxes as a whole, plaintiff is entitled to a temporary injunction. An ordinary person would be mislead in the purchase of goods due to the similarity thereof, if they are not displayed side by side. See Martini & Rossi v. Consumers'-People's Products Co., D.C., 57 F.2d 599. Without passing upon the individual defendants' original intention, it is settled law that nobody has any right to represent his goods as the goods of somebody else. Dad's Root Beer Co. v. Atkin, D.C., 90 F.Supp. 477; Esso Standard Oil Co. v. Bazerman, D.C., 99 F.Supp. 983. As was said in National Van Lines v. Dean, 9 Cir., 237 F.2d 688, while some loss of business has undoubtedly occurred to the plaintiff, it would be speculative. See Champion Spark Plug Co. v. Sanders, 331 U.S. 125, 67 S.Ct. 1136, 91 L.Ed. 1386. Reference was made to an abandonment of the trade-mark by the plaintiff's vendor. There was no evidence whatever of any intention to abandon. National Lead Co. v. Wolfe, 9 Cir., 223 F.2d 195.

In this circuit, we are bound by the reasoning of Admiral Corp. v. Penco, Inc., D.C., 101 F.Supp. 677, affirmed 2 Cir., 203 F.2d 517. In accordance with the above opinion, therefore, we make the following:

Findings of Fact

1. Plaintiff is a Delaware corporation, having a principal place of business in Chicago, Illinois.

2. Defendant, Golding Wave Clip Co., Inc., and defendant, Mac, Kayn Brothers & Band, Inc., are each a New York corporation, the former having its office and principal place of business in the City of Buffalo, New York, and the latter in the City of New York, New York.

3. Jurisdiction of this court is based upon diversity of citizenship.

4. Prior to August 5, 1957, Mervin Wave Clip Co., Inc., (hereinafter "Mervin") having its principal office in Buffalo, New York, manufactured and sold hair wave clips, all-purpose clips and rollers. On August 5, 1957, Mervin was adjudicated bankrupt by the Referee in Bankruptcy in this court. By order of the court, the good will, orders on hand, trade-marks, trade names, inventory, equipment and other assets of Mervin were sold at public auction on August 13, 1957. Plaintiff purchased the said assets at the sale. The court confirmed such purchased on September 25, 1957.

5. Defendants, Irving Golding and Stanley J. Rosenfeld, were Executive vice-president and vice-president, respectively, of Mervin. Defendant, Mac, Kayn Brothers & Band, Inc., was a sales agent and distributor for Mervin. The date on which each of the defendants terminated their relationship with Mervin is in dispute, but is not relevant to the issuance of this preliminary injunction.

6. Prior to the filing of the complaint herein, defendants Golding and Rosenfeld caused defendant Golding Wave Clip Co., Inc., (hereinafter "Golding Wave") to be formed. Defendants Golding and Rosenfeld are president and vice-president, respectively, of Golding Wave.

7. Golding Wave manufactured and sold hair wave clips, all-purpose clips and rollers in competition with the Mervin product manufactured and sold by plaintiff, and it continues to do so. Mac, Kayn Brothers & Band, Inc., has acted and continues to act as a sales agent and distributor for Golding Wave. Golding Wave has hired as sales agents throughout the country persons and organizations that are former sales agents of Mervin.

8. Defendants sold and continue to sell goods to former customers of Mervin. Some goods are sold for resale to the public; other goods are sold to the beauty supply trade.

9. Defendants have sold goods on cards and labels and in boxes and packages which are colorable imitations of plaintiff's cards, boxes and packages.

10. Defendants have used color schemes on their cards and boxes which are colorable imitations of plaintiff's color schemes.

11. Defendants have designated their goods on price lists and boxes by style numbers, all of which are style numbers used by plaintiff to designate the corresponding items.

12. Defendants have used the name "Do-It" and "Do-Et" to designate their all-purpose clip, which is a colorable imitation of "Do-All", by which plaintiff has designated its all-purpose clip.

13. Each of the aforesaid imitations and representations by defendants is likely to deceive and to confuse purchasers as to the source of defendants' goods and is likely to continue to cause such confusion.

14. Unless they are preliminarily enjoined from such imitations and representations, defendants could continue to sell their goods to customers who are likely to be deceived as to the source of such goods, and deprive plaintiff of such customers, and will destroy or substantially impair the good will, trade-marks and trade names of plaintiff, all to plaintiff's irreparable damage.

### Conclusions of Law

1. This court has jurisdiction of the parties and the subject matter of this action.

2. The aforesaid imitations and representations by defendants constitute unfair competition.

3. The issuance of a preliminary injunction is necessary to prevent immediate and irreparable damage to the plaintiff for the reasons stated in Paragraph 14 of the Findings of Fact herein.

Plaintiff is granted a preliminary injunction against all the defendants, their agents, employees and attorneys, and all persons in active consort or participation with them, immediately enjoining and restraining them pending the determination of this action or until further order of this court:

1. From using and from selling goods on or in the cards and boxes of the color and design shown in Exhibits 1 through 7 annexed to this order.

2. From using the slogans "Creation of a master hairdresser", "The Hair Dressers Choice—The World Over" and "The Hair Dressers Choice" in connection with their business.

3. From using the style numbers "200", "300", "400", "500" and "325" in connection with hair wave clips manufactured or sold by them, as shown on Exhibit 8 annexed hereto.

4. From using "Do-It" or "Do-Et" in connection with all-purpose clips manufactured or sold by them.

5. From using all other cards and packages or boxes which are colorable imitations, copies or reproductions of plaintiff's cards, packages or boxes. This has no reference to size.

6. Defendants, by the close of the next business day from the time of the service of a copy of this Order shall send prepaid telegrams to all persons and firms who appear in the records of the defendants as purchasers of their goods, who were formerly purchasers of Mervin Wave Clips and Hollywood Hair Rollers from Mervin Wave Clip Co., Inc., advising such purchasers to withdraw from sale or circulation and return to defendants all items whose use is enjoined herein. Defendants shall also advise all customers by wire: "To avoid confusion, be advised undersigned in no way connected with Mervin Wave Clip Co., Inc."

7. Defendants are enjoined from associating themselves with the Mervin name and from representing that the defendants or any defendant is a source of goods manufactured or formerly manufactured by Mervin.

Provided, that plaintiff forthwith gives a bond in the sum of Twenty-five Thousand ($25,000.00) Dollars for the payment of such costs and damages as may be incurred or suffered by any party who shall be found to have wrongfully enjoined or restrained, and such bond shall be approved by the court or by the Clerk of this Court.

It is so ordered.