GLENWOOD LIGHT AND WATER COMPANY *v.* MUTUAL LIGHT, HEAT AND POWER COMPANY.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

No. 38. Submitted October 29, 1915.—Decided November 15, 1915.

The jurisdictional amount involved in suits for injunction to restrain nuisance or a continuing trespass is to be tested by the value of the object to be gained by complainant.

The amount involved in a suit brought by a telephone company to restrain another company from so erecting poles and wires as to injure complainant's poles, wires and business, *held*, in this case, not to be the expense of defendant's removing its conflicting poles and wires but the value of the right of complainant to maintain and operate its plant and conduct its business free from wrongful interference by defendant.

Complainant's right to conduct its business free from the acts of defendant sought to be enjoined having an uncontroverted value of $3,000, *held* that the District Court had jurisdiction under Judicial Code, § 24, so far as jurisdictional amount in controversy is concerned.

THE facts, which involve the jurisdiction of the District Court under Judicial Code, § 24, and the determination of the amount in controversy in a case for injunction, are stated in the opinion.

*Mr. Charles S. Thomas, Mr. George L. Nye* and *Mr. William P. Malburn* for appellant.

*Mr. John T. Barnett* for appellee.

MR. JUSTICE PITNEY delivered the opinion of the court:

This is an appeal from a decree of the District Court dismissing a bill of complaint for want of jurisdiction; the jurisdiction having been invoked upon the ground that the suit was between citizens of different States, and that the matter in controversy exceeded the sum or value of three thousand dollars (Jud. Code, § 24; act of March 3, 1911, c. 231, 36 Stat. 1087, 1091). The bill, besides the requisite averments as to the citizenship of the parties, alleges in substance that complainant is the owner by assignment of a franchise granted in the year 1887 by the Town of Glenwood Springs, in the State of Colorado, and subsequently renewed, entitling complainant to erect and maintain a plant for the purpose of supplying the town and its inhabitants with electric light and power; that complainant and its predecessors prior to 1911 constructed an electric light and power system, and erected poles and wires in the alleys of the town, in the manner provided for in the ordinance, and complainant has continued to carry on its business and supply electric current to the town and its inhabitants, and still continues to maintain its poles and wires in the streets and alleys of the town; that in April, 1911, the town attempted to grant to defendant the right to erect a plant and construct

a system for furnishing the town and its inhabitants with electric current, and defendant commenced the construction of a plant, and began to furnish light to the town on or about October first, 1912, since which date its wires have been used for carrying electric current for the purpose of lighting the town and furnishing light to some of its inhabitants; that complainant's poles were erected, so far as practicable, in the alleys of the town, as was provided in its ordinance, and its wires were strung on those poles and connected with the premises of its customers in accordance with the terms of the franchise and the regulations of the town; that defendant has erected its poles and strung its wires principally in the alleys of the town, and particularly in the alleys occupied by the poles and wires of complainant, and for the most part upon the same side of the alleys used and occupied by the poles and wires of complainant, for the purpose and with the intent of interfering with and harassing complainant; that complainant's poles are of the size usually employed in towns and cities approximating the size of Glenwood Springs, but that defendant's poles are about six feet shorter, and on account of the narrowness of the alleys have been set on practically the same line as complainant's poles, so that defendant's cross-arms and wires are brought immediately below and in close proximity to complainant's wires so as to make the maintenance and operation of its wires by complainant exceedingly difficult, as well as dangerous to the property of complainant and its customers owing to the probability of damage by fire caused by short circuits, and dangerous to the safety and lives of complainant's customers and of its linemen and other employés who in the discharge of their duties are required to climb its poles; that, because of this, complainant is and constantly will be threatened, so long as defendant maintains its poles and wires as aforesaid, with liability in case of injuries to persons and property caused by the maintenance of defendant's wires

and electric current in close proximity to the wires and current of complainant; that complainant's business is increasing, and more wires are being constantly required to supply the wants of its customers, and this will require the setting of cross-bars on the poles of complainant below the cross-bars now in use, whereby the wires of complainant will be brought closer to defendant's wires than they are at present, and thereby the danger and expense and the probability of injuries to complainant and its employés and customers will be greatly increased; and that by reason of the premises complainant is and will be subjected to numerous liabilities and actions at law for damages arising out of the conditions created by defendant's acts; that the value of complainant's plant is $150,000, and the damage caused to complainant and its business and property and to its right to maintain its poles and wires without interference or injury in the alleys and streets of the Town of Glenwood Springs where the poles and wires of defendant have been placed in close proximity to complainant's poles and wires is largely in excess of the sum of $3,000.

The prayer is for an injunction to restrain defendant from maintaining its poles and wires on the same side of the alleys and streets as those occupied by complainant's poles and wires, or in such proximity as to injure or endanger the property of complainant and its customers and the safety and lives of complainant's customers and employés, and for general relief.

The answer denies, generally and specifically, the essential facts set up in the bill; denies that the matter in controversy exceeds in value the sum of $3,000; denies that the value of complainant's plant is as much as $150,000; alleges that its value does not exceed $25,000; denies that the damage caused by defendant to complainant or its business or property is in excess of $3,000; and alleges that the cost of the removal of all the poles and wires of de-

fendant claimed to be in dangerous or objectionable proximity to complainant's poles and wires would not exceed $500.

Upon the final hearing, the court, after argument, held that the jurisdictional amount was fixed by the cost to defendant of removing its poles and wires in the streets and alleys where they conflicted or interfered with the poles and wires of complainant, and replacing defendant's poles and wires in such position as to avoid conflict and interference. Thereupon testimony was introduced for the purpose of determining whether such cost would exceed the sum of $3,000, and the court, having determined that under the evidence it would not exceed that amount (which complainant conceded), dismissed the bill for want of jurisdiction, although complainant contended that such method was not the proper method of determining the jurisdictional amount.

The case comes here under § 238, Jud. Code, the question of jurisdiction being certified.

We are unable to discern any sufficient ground for taking this case out of the rule applicable generally to suits for injunction to restrain a nuisance, a continuing trespass, or the like, *viz.*, that the jurisdictional amount is to be tested by the value of the object to be gained by complainant. The object of the present suit is not only the abatement of the nuisance, but (under the prayer for general relief) the prevention of any recurrence of the like nuisance in the future. In *Mississippi & Missouri Railroad Co.* v. *Ward*, 2 Black, 485, 492, it was said: "The want of a sufficient amount of damage having been sustained to give the Federal courts jurisdiction, will not defeat the remedy, as the removal of the obstruction is the matter of controversy, and the value of the object must govern." The same rule has been applied in numerous cases, and under varying circumstances. *Scott* v. *Donald*, 165 U. S. 107, 115; *McNeill* v. *Southern Railway Co.*, 202 U. S. 543,

558; *Hunt* v. *N. Y. Cotton Exchange*, 205 U. S. 322, 336; *Bittermann* v. *Louisville & Nashville R. R.*, 207 U. S. 205, 225; *Berryman* v. *Whitman College*, 222 U. S. 334, 345.

The District Court erred in testing the jurisdiction by the amount that it would cost defendant to remove its poles and wires where they conflict or interfere with those of complainant, and replacing them in such a position as to avoid the interference. Complainant sets up a right to maintain and operate its plant and conduct its business free from wrongful interference by defendant. This right is alleged to be of a value in excess of the jurisdictional amount, and at the hearing no question seems to have been made but that it has such value. The relief sought is the protection of that right, now and in the future, and the value of that protection is determinative of the jurisdiction.

*Decree reversed, and the cause remanded for further proceedings in accordance with this opinion.*