### ADAM v. NEW YORK TRUST CO. et al.

Circuit Court of Appeals, Fifth Circuit.

February 8, 1930.

Rehearing Denied March 7, 1930.

No. 5799.

R. A. Dowling, of New Orleans, La. (William R. Kinsella, of New Orleans, La., on the brief), for appellant.

Charles Rosen, Stamps Farrar, and Edwin C. Hollins, all of New Orleans, La. (Alfred C. Kammer, Justin V. Wolff, and Louis L. Rosen, all of New Orleans, La., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal by Michael Adam from a preliminary injunction restraining him, and more than 100 others, from transporting within the city of New Orleans passengers for hire in jitneys and automobiles without first complying with an ordinance of that city. The injunction was issued upon a bill of complaint by the New York Trust Company, trustee of bonds amounting to $12,946,700, bearing 4½ per cent. interest, of the New Orleans Public Service, Inc., which operates a system of street railways in New Orleans, and by two individual holders of bonds. The bonds were secured by a mortgage upon the property, permit, franchise, revenue, and income of the public service corporation.

The bill contains averments, which were supported by affidavit, to the following effect: The public service corporation's street cars are being operated under its permit and franchise over more than 100 miles of track, and its investment exceeds $25,000,000. About 1,300 jitneys were being operated on the streets of the city in competition with the street cars of the public service corporation. These jitneys run ahead of the street cars at excessive speed, stop suddenly and pick up people waiting at regular stopping places to become passengers on the street cars. The public service corporation's average daily loss because of this competition amounts to $6,500 or about $5 for each jitney. Appellant was operating, and unless enjoined would continue to operate, one of these jitneys in the manner described, and was depriving the public service corporation daily of about $5 revenue. The loss of revenue resulting from the operation of jitneys seriously impaired the value of the securities held by appellee. Appellant and the other owners of jitneys had failed to comply with the provisions of a city ordinance which require every vehicle not operated on rails, before being permitted to engage in transporting passengers for hire, to be registered, and licensed to operate on a particular route at stated rates of fare. The owner is required by the ordinance to give bond in the sum of $5,000 for each such vehicle as protection against damage to person or property.

It was disclosed by undisputed evidence at the hearing that appellant and the others proceeded against had failed to comply with the just above mentioned provisions of the city ordinance.

Appellant makes the contentions that less than the jurisdictional amount of $3,000 is involved, and, as the ordinance is a police regulation which the city alone can enforce, that the bill is without equity.

The jurisdictional amount is to be tested by the value of the object sought to be gained by the bill of complaint. The object of this suit is to prevent future as well as present pecuniary damage. Bitterman v. L. & N. R. R. Co., 207 U. S. 205, 28 S. Ct. 91, 52 L. Ed. 171, 12 Ann. Cas. 693; Glenwood Light Co. v. Mutual Light Co., 239 U. S. 121, 36 S. Ct. 30, 60 L. Ed. 174; Western & Atlantic R. R. v. Railroad Commission, 261 U. S. 264, 43 S. Ct. 252, 67 L. Ed. 645. Under these Supreme Court decisions we have no doubt that the District Court had jurisdiction of the subject-matter.

Appellant seems to concede that the ordinance is valid. The same ordinance was before the Supreme Court of Louisiana in Le Blanc v. City of New Orleans, 138 La. 243, 70 So. 212, and it was there held that the owner of a jitney had no right to operate it for hire until he had obtained permission from the city. It follows that appellant was not legally entitled to enter into competition with the public service corporation. That corporation had a standing in court to prevent the unlawful invasion of its franchise rights, even though those rights were not exclusive. Memphis Street Railway v. Rapid Transit Co., 133 Tenn. 99, 179 S. W. 635,

L. R. A. 1916B, 1143, Ann. Cas. 1917C, 1045; Puget Sound Traction Co. v. Grassmeyer, 102 Wash. 482, 173 P. 504, L. R. A. 1918F, 469. The ordinance in question, while it provides a penalty for violation, also prescribes the conditions upon which the city of New Orleans will permit the use of its streets by jitneys. The penalty provisions do not take away or affect the right to protect against damage to private property. 14 R. C. L. 377. And that right to protection is not limited to the owner of property, but extends to any one, who can show special damage differing in kind or degree from the general damage suffered by the community at large. We are therefore of opinion that the trustee of the bonds and the bondholders were competent to bring this suit.

The decree is affirmed.