costs. Allowance of $350 in addition thereto is ample and fair under all the circumstances of the case.

## JOHNSON METAL PRODUCTS CO. et al.
### v. LUNDELL–ECKBERG MFG. CO., Inc.
### No. 1747.

District Court, W. D. New York.
Nov. 30, 1938.

Hugh C. Lord, of Erie, Pa., for plaintiffs.

J. William Ellis, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

This suit was tried and the mandate on appeal filed prior to the effective date of the present Rules of Civil Procedure. It seems that under new Rule 54(d), 28 U.S.C.A. following section 723c, the court can exercise its discretion in the matter of costs, but if not, the old Rules should be followed. The application of the new Rules would work an injustice in this suit. Under the old Rules costs were clearly discretionary in the patent suit. The court heretofore allowed the defendant $125

## CONNOR v. RIVERS, Gov., et al.
### No. 851.

District Court, N. D. Georgia.
Aug. 2, 1938.

Albert H. Fry, of Chicago, Ill. (Fry & Fry, of Chicago, Ill., of counsel), for plaintiff.

M. J. Yeomans, Atty. Gen., of Georgia, and O. C. Duke and E. J. Clower, Asst. Attys. Gen. of Georgia, for defendants.

Before UNDERWOOD and BARRETT, District Judges, and McCORD, Circuit Judge.

PER CURIAM.

This complainant seeks by his bill to enjoin the State of Georgia from enforcing the mandates of An Act passed by the General Assembly· of Georgia and approved by the Governor on March 25, 1937, and which is now in force and effect. The caption of said enactment is as follows:

"An Act, to establish a State Board of Photographic Examiners, providing for the appointment of members thereof, defining the jurisdiction, powers, duties and compensation of said Board; to provide the manner of licensing photographers; to prescribe certain fees required of applicants and for renewal of·licenses to provide for the issuance of licenses to practice photography and for the revocation or suspension of such licenses upon certain conditions; to provide for the enforcement of the provisions of this Act and prescribing certain penalties for the violation of the same; defining certain terms as used herein; and for other purposes." Laws 1937, p. 280.

No oral testimony is taken in support of said petition. In support of same is offered and submitted to the Court four affidavits, namely: Affidavit of John C. Kuck, affidavit of complainant K. L. Connor, and two affidavits of J. M. McConnell. Copy of the Georgia law in question is also offered. This is all the evidence offered in support of the bill.

The defendants raise the question of jurisdiction and make answer to said petition.

While the Governor of Georgia under our view of the case is in no wise a proper party to said cause of action, we do not pass upon this question since we rest our decision solely on the question of jurisdiction.

Section 41, 28 U.S.C.A., Judicial Code, § 24, as amended, provides:

"The district courts shall have original jurisdiction as follows: * * * Of all suits of a civil nature, at common law or in equity, * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or (b) is between citizens of different States, or (c) is between citizens of a State and foreign States, citizens, or subjects". Subsec. 1.

A careful reading of the bill and affidavits in support of same fails to charge or show that the matters and things in controversy and about which complaint is made, exclusive of interest and costs, are of the value of $3,000. They are wholly lacking in this respect, although complainant must meet same by a preponderance of the evidence. Moreover, even if it were established that the volume of business in the State was in excess of $5,000 that would not suffice, because there are no allegations and no evidence to the effect that the business was interfered with or decreased or impaired by the statute involved to the extent of as much as $3,-000.

Subsec. 14 of Sec. 41, Title 28 U.S. C.A. taken in connection with the history of the acts in the matter of civil rights, Title 24, R.S., and especially Sec. 1979, 8 U.S.C.A. § 43, convince us that this Subsec. 14 does not give jurisdiction in this suit. While there is an allegation about the Georgia statute's interfering with interstate commerce, it is clear that there is no claim or evidence that said Georgia Statute deprives the petitioner "of any right, privilege, or immunity, secured by the Constitution of the United States, or of any right secured by any law of the United States providing for equal. rights of citizens of the United States, or of all persons within the jurisdiction of the United States."

We are of opinion and so hold that under the decisions of McNutt, Governor v. General Motors Acceptance Corporation, 298 U.S. 178-190, 56 S.Ct. 780, 80 L.Ed. 1135 and Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248, this Court is without jurisdiction in this case.

It is therefore ordered, adjudged and decreed by the Court that this cause of action be and the same is dismissed out of this Court, at the cost of the complainant.