NEW JERSEY FEDERATION OF YOUNG MEN'S AND YOUNG WOMEN'S HE-BREW ASS'NS v. HOFFMAN.

No. 1283.

District Court, M. D. Pennsylvania.

Dec. 17, 1938.

David Landau, of Scranton, Pa., for petitioner.

Eli Taylor Conner, 3d, of Milford, Pa., for respondent.

WATSON, District Judge.

This is a rule to bring ejectment under the Pennsylvania Act of Assembly of March 8, 1889, P.L. 10, as amended April 16, 1903, P.L. 212, 12 P.S.Pa. §§ 1543, 1544. The proceeding is brought to remove a cloud upon Plaintiff's title to certain lands in Dingman Township, Pike County, Pennsylvania. The case is now before the Court upon Defendant's motion to dismiss the action on the ground that the jurisdictional amount of $3,000 is not involved.

After full consideration of the evidence heard and the briefs submitted, the facts are found to be as follows:

Plaintiff owns and operates a camp site bordering on a body of water known as Sawkill Pond. The camp caters to children and young people for whose entertainment and pleasure a body of water suitable for bathing, boating, etc., is essential. Plaintiff's investment in the camp approximates $100,000, and its yearly revenues are about $35,000. The land involved in this proceeding, consisting of about twenty seven (27) acres, includes land which has been flooded by a dam built by Plaintiff on Sawkill Pond, and a long strip of land between Plaintiff's camp site and Sawkill Pond, and is Plaintiff's means of entry upon the pond. Unless Plaintiff has the use of the strip, it will not be able to use the pond in connection with its camp. Thus for all practical purposes the value of Plaintiff's land for camping purposes will be destroyed. The intrinsic value of the land involved in the present controversy, taking into consideration only its fruitfulness, is considerably less than $3,000. However, as shoreline property necessary to the usefulness of Plaintiff's camp, its value is considerably in excess of $3,000. All of the real estate experts, including those called by the Defendant, were in agreement on that point. The lowest value fixed by any witness, when asked to value the land in connection with Plaintiff's camp, was $5,000.

The question is, whether in determining the amount in controversy, the Court should consider only the intrinsic value of the land or should take into consideration its value as affected by its relationship to the pond and the camp?

Clearly, the latter value is the proper one. The object of Plaintiff's suit is to bring about a settlement of the title to the land in dispute and to have a determination made of its right to use the land involved in connection with its camp. In determining the amount in controversy for the purpose of deciding whether there is federal jurisdiction, the pecuniary result to either

party which the decree would produce is the proper test. Armstrong v. Townsend, D.C., 8 F.Supp. 953; Elliott v. Empire Natural Gas Co., 8 Cir., 4 F.2d 493. The value of the object to be attained by the suit is the basic consideration. Glenwood Light & Water Co. v. Mutual Light, Heat & Power Co., 239 U.S. 121, 36 S.Ct. 30, 60 L.Ed. 174. In determining the value of land where the question is whether there is federal jurisdiction, the value in its actual situation and use is controlling and not its simple value as land apart from those considerations. King v. Southern Railway Co., C.C., 119 F. 1016.

Under the evidence it is established that the object to be gained by Plaintiff's settlement of its right to use the land in controversy to gain access to Sawkill Pond is worth considerably more than $3,000; that the pecuniary result to both parties as a consequence of the judgment entered in this case will involve more than $3,000; and that the value of the land itself, considered in its present situation and as now used, is in excess of $3,000. Defendant's motion to dismiss must be denied.

Now, December 17, 1938, Defendant's motion to dismiss filed January 10, 1938 is denied, and the rule granted thereon March 15, 1938 is discharged.