**PEAVEY v. REED CO., Inc.**

Civ. No. 2114.

District Court, E. D. New York.

Oct. 9, 1941.

Griffing & Smith, of Riverhead, N. Y. (Dominick Blasi, of Brooklyn, N. Y., of counsel), for plaintiff.

George G. Lake, of New York City, for defendant.

MOSCOWITZ, District Judge.

This motion to remand to the State Court is made upon two grounds. First, the defendant has failed to file a proper transcript of the record as required by Title 28 U.S.C.A. §§ 71, 72 and 80 and, second, that the complaint demands equitable relief only and does not involve property or any money damage.

Title 28 U.S.C.A. § 72 provides the procedure for the removal of an action from the State Court to the District Court of the United States. In order to remove an action a defendant is required to file a verified petition together with a bond, with good and sufficient surety, in the State Court at any time before the defendant is required by the laws of the State or the rule of the State Court in which such suit is brought to answer or plead to the plaintiff's complaint. Section 72 further provides that a certified copy of the record in such suit shall be filed in the District Court within thirty days from the date of filing of said petition and that written notice of the petition and bond for removal shall be given to the adverse party or parties prior to filing the same, and that the copy is to be entered within the thirty day period and that the parties so removing the cause shall within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause.

The defendant filed in this Court only a certified copy of the summons and complaint issued in the State Court by the plaintiff. It did not, as required by Section 72, file the removal petition, bond, order and decision of the State Court.

The attorney for the defendant states in his affidavit that the reason he did not file the complete transcript of record was that he did not deem it necessary to file anything more than the summons and complaint since the plaintiff had objected to the removal of the action from the State Court and a decision had been rendered by the Judge in the State Court on May 22, 1941, determining that the cause was properly removed. The State Court Judge used the following language in his memorandum: "Peavey, Jr., v. Reed Co., Inc.—It appears from the petition that over $3,000 is involved in the suit. Application to remove granted. Undertaking approved."

The attorney for the defendant states that he diminished the transcript of record by including only the summons and complaint and that thereafter the answer was served upon the attorneys for the plaintiff and filed herein.

This motion to remand was argued on September 17, 1941. On September 20, 1941 there was filed in this Court certified copies of the notice of the presentation of the petition to remove, the removal bond and the removal order signed by the Judge of the State Court.

 Decisions are uniform that there must be strict compliance with this Statute on removal. Upon the presentation of the petition for removal and the bond to the State Court the action is immediately removed to this Court and this is so whether or not the State Court enters an order or

approves the bond. The State Court jurisdiction is at an end. See Henjes v. Ætna Ins. Co., D.C., 39 F.Supp. 19, 21, and cases therein cited.

 The summons and complaint were duly filed in this Court within the required time. The failure to file certified copies of the notice of presentation of the petition to remove, the removal bond and the removal order of the State Court Judge is not jurisdictional and at most amounted to a default which seems to be excusable under the circumstances, from which default the party can be and is relieved.

The State Court Judge in his memorandum decided that the amount in controversy exceeds $3,000. While this is persuasive it is in no wise binding upon this Court. As a matter of fact the function of the State Court is limited and as already pointed out "the removal of the action is effected immediately upon the presentation of the petition and approved bond regardless of whether the State court enters an order or approves the bond". Henjes v. Ætna Ins. Co., supra.

Defendant's attorney argues that the decision of the State Court is stare decisis upon the present application. This view cannot be accepted, nor is such decision res judicata. The decision of the State Court is in no wise binding upon this Court.

Plaintiff argues that an action for specific performance is not removable, also that the amount involved does not exceed the sum of $3,000.

This Court has jurisdiction of a specific performance action where the amount involved exceeds the sum of $3,-000. The amount in controversy is the value of the object to be gained by the plaintiff in the action. Glenwood Light and Water Company v. Mutual Light, Heat & Power Co., 239 U.S. 121, 36 S.Ct. 30, 60 L.Ed. 174; McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 56 S. Ct. 780, 80 L.Ed. 1135. In re Red Cross Line, D.C., 277 F. 853, is not to the contrary.

Defendant instituted an action against the plaintiff and others in the United States District Court for the Southern District of New York for malicious prosecution of a bankruptcy proceeding and demanded $330,000 in damages. After that action was brought plaintiff brought the present action. It is the plaintiff's claim that the defendant promised to execute and deliver a general release to the plaintiff and is seeking the specific performance of the contract to deliver the general release.

If this action is successfully maintained it will be a complete defense to the claim made by the defendant against the plaintiff which is in the sum of $330,000. It therefore appears that the amount in controversy is $330,000. This Court has jurisdiction of the controversy.

Motion to remand is denied.