## M & M TRANSP. CO. v. CITY OF NEW YORK.

No. 117, Docket 21833.

United States Court of Appeals Second Circuit.

Argued Dec. 5, 1950.

Decided Dec. 26, 1950.

Zelby & Burstein, New York City, Herbert Burstein, New York City, for appellant.

John P. McGrath, Corporation Counsel, New York City, Bernard Sherris, New York City (Stanley Buchsbaum, New York City, of counsel), for appellees.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

L. HAND, Chief Judge.

The plaintiff sued the City of New York to enjoin the collection of taxes, which it alleged had been unlawfully levied; the City moved for a summary judgment dismissing the complaint; the judge dismissed the complaint on the merits, and the plaintiff has appealed. It is a foreign corporation, a common carrier doing a trucking business between Boston and New York; but no part of the business consists of carrying between points within the State of New York. It alleges that the taxes in question were unconstitutional because they were laid upon interstate commerce; but we do not find it necessary to pass upon that question, for we think that the district court did not have jurisdiction over the action, because "the matter in controversy" did not exceed, "exclusive of interest and costs," "the sum or value of $3,000."[1] In 1934 the State of New York passed a statute[2] allowing cities of over one million inhabitants to levy taxes upon the gross income of non-resident corporations; and, acting upon this power, the City imposed such a tax upon carriers, assessed, however, by a measure not disclosed in the record. In 1938 and thereafter the City changed this to a tax upon a proportion of the plaintiff's gross income, ascertained by formulas not here important; and in accordance with these two municipal laws the City Comptroller levied upon the plaintiff an annual tax of $100 for each year from 1934 to 1948 both inclusive. These taxes, with a penalty of $5 for each year, have created a claim of $1,575, no part of which the plaintiff has paid, and whose collection this action has been brought to enjoin. The de-

---

4. 29 Tex.Jur. p. 415; Gammill v. Mullins, Tex.Civ.App., 188 S.W.2d 986.

1. § 1331, Title 28 U.S.C.A.

2. Chapter 873, Laws of 1934, Ex.Sess.

fendant argues that the value of "the matter in controversy" is only the aggregate of the sums hitherto levied, together with the penalties—interest being concededly not includable—; the plaintiff argues that it is the value of the property on which the tax has been levied: *i. e.* "the value of the right to carry on an interstate business."

The first time at which the point appears to have been bruited in the Supreme Court was in 1862 in Mississippi & Missouri R. R. Co. v. Ward,[3] a suit in equity to compel the removal of a bridge which interfered with the plaintiff's navigation of the Mississippi River. In no more than a passing mention the Court held that "the removal of the obstruction is the matter of controversy, and the value of the object must govern." That was at best ambiguous; indeed, it apparently meant that the value of the bridge, or at least of so much of it as the plaintiff wished to have removed, was the test. However that may have been, the value of "the matter in controversy" was construed to mean the value of "the object to be gained by complainant";[4] and in the case of taxes, or of license fees, it is now settled that it is the value of the taxes or of the fees, which the plaintiff will be obliged to pay, if they are valid.[5] When the charges are recurrent and may be levied or imposed in the future, it is not, however, settled whether the plaintiff may add to the sum of the taxes or fees already due a sum equal to the commuted value of all future taxes and fees. The furthest that any courts have gone in somewhat similar situations has been in Food Fair Stores v. Food Fair,[6] and in Pure Oil Co. v. Puritan Oil Co.[7] In the language of Judge Woodbury in the first of these, a finding "cannot be based upon a mere possibility of future harm, but it can be upon a present probability of such harm." In the case at bar we are relieved from deciding whether such a factor may be added, because under

the evidence no finding of the necessary commuted value could at best be more than "possible." We will assume that, when the action was brought in May or June, 1950, the tax for 1949 had been levied and had not been paid, so that we will begin by adding $105 to $1,575, making $1,680 of the necessary $3,000, and leaving only $1,320 to be assigned by hypothesis as the commuted value of the future taxes. However, even at an interest rate of three per cent sixteen future annual payments of $100 each would not equal $1,320; and nobody could even make a plausible guess whether the tax will still be levied and the plaintiff will still be in the business sixteen years from now.

Judgment reversed; complaint dismissed for lack of jurisdiction in the district court.

---

3. 2 Black, 485, 492, 17 L.Ed. 311.

4. Glenwood Light & Water Co. v. Mutual Light, Heat & Power Co., 239 U.S. 121, 125, 36 S.Ct. 30, 32, 60 L.Ed. 174.

5. Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248; Cook's Estate v. Sheppard, D.C., 8 F.Supp. 21, affirmed Barwise v. Sheppard, 293 U.S. 527, 55

S.Ct. 145, 79 L.Ed. 637; McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Connor v. Rivers, D.C., 25 F.Supp. 937, affirmed 305 U.S. 576, 59 S.Ct. 359, 83 L. Ed. 363.

6. 1 Cir., 177 F.2d 177, 184.

7. D.C., 39 F.Supp. 68, 74.