In an action for an injunction and related relief, the appeal is from a judgment dismissing the complaint on the merits after trial before a Special Referee to whom, upon consent of the parties, the action had been referred to hear and determine. Judgment reversed on the law and facts, with costs, judgment granted enjoining respondents from operating boats for hire between Sayville, Town of Islip, and Cherry Grove and Fire Island Pines, Fire Island, during the daily period scheduled by appellant for the operation of his ferry, and matter remitted to the Special Term for assessment of damages and entry of judgment thereon. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. Appellant conducts a ferry service across Great South Bay between Sayville and two termini on Fire Island under two licenses. These licenses are not in terms exclusive, and were granted by the County Court of Suffolk County pursuant to the Navigation Law of this State. Four boats were employed in such ferry service during scheduled daylight hours from late Spring to early Autumn and range in carrying capacity approximately from 75 to 250 persons and require about 30 minutes for each crossing, for which the licenses permit a maximum charge of 75 cents a person. Respondents, who have not been licensed by said County Court, operate a “ water-taxi service ” between their dock in Sayville, adjacent to that of appellant, and the aforesaid two termini on Fire Island. The two boats used in this service on a 24-hour basis during said season of the year have a maximum capacity of about 15 persons each, and usually make the crossing in about half the time (15 minutes) at twice the price ($1.50 a person). Appellant also operates a small boat in a water-taxi service, for which he charges $2.50 a trip, including a free return on the ferry. Such a round trip, therefore, costs $1.00 more than the maximum allowed by appellant’s licenses for a round trip on the ferry. Inasmuch as the County Court in its discretion may in the future grant additional similar licenses to other qualified applicants (Navigation Law, § 110), the learned Referee was correct in holding that appellant’s licenses do not constitute an exclusive franchise. However, it is not necessary that a franchise be exclusive to entitle the licensee to enjoin an infringement by one not licensed. In that sense, a nonexclusive license is exclusive against everyone but the sovereign. (Frost v. Corporation Comm., 278 U. S. 515, 521; Adam v. New York Trust Co., 37 F. 2d 826, 827; Puget Sound Traction, Light & Power Co. v. Grassmeyer, 102 Wash. 482.) Any carrying for hire by an unlicensed boat of persons who would otherwise go by ferry constitutes an infringement of a ferry license or franchise (Mayor, Aldermen & Commonalty of City of N. Y. v. Starin, 106 N. Y. 1; see, also, Aikin v. Western R. R. Corp., 20 N. Y. 370, 379; President, Directors & Co. of Newburgh & Cochecton Turnpike Rd. v. Miller, 5 Johns. Ch. 101, 111; Midland Term. & Ferry Co. v. Wilson, 28 N. J. Eq. 537; Inhabitants of Peru & Dixfield v. Barrett, 100 Me. 213; 59 L. R. A. 549). Since it is apparent that during the scheduled hours of ferry operation respondents’ passengers would patronize the ferry if a water-taxi were not available, respondents operation during such period of time constitutes an infringement of appellant’s franchise which should be enjoined. That appellant appears to be charging more than the maximum allowed by his licenses, in the instances aforementioned, has nothing to do with the question now before us. The law affords the public *996 authorities an appropriate remedy therefor (Brooklyn City R. R. Co. v. Whalen, 191 App. Div. 737, 744, affd. 229 N. Y. 570; Mayor, Aldermen & Commonalty of City of N. Y. v. Starin, supra; 36 C. J. S., Ferries, § 16, subd. c). Tompkins Bus Corp. v. La Guardia (156 Misc. 651, affd. 246 App. Div. 714) and Bee Line v. La Guardia (244 App. Div. 151), cited by respondents, are not to the contrary, for in those eases the plaintiffs did not themselves have valid licenses, and were thus in no better position than the defendants they sought to enjoin.
Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur. Settle order on notice.