Edna YOUNG, Henry Stanley, Harvey Stanley, Lessie Williams, Dennis Stanley, Allie P. Stanley and Jasper Andrews, Appellants,

v.

COOPERATIVE REFINERY ASSOCIATION, Appellee.

No. 7174.

United States Court of Appeals Tenth Circuit.

July 25, 1963.

Thomas G. Smith, Purcell, Okl. (George Bingaman, Purcell, Okl., on the brief), for appellants.

Paul Brown, Oklahoma City, Okl. (Gordon F. Brown and Brown & Brown, Oklahoma City, Okl., on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

This action seeking an injunction was filed by the plaintiff corporation which had entered into an agreement with several, but not all, of the cotenants owning a tract of land. This agreement provided that plaintiff could use an abandoned oil well on the premises for the disposal of salt water from other of its wells in the area. The other cotenants, that is with whom no agreement had been reached, objected to this use of the property and the plaintiff sought to enjoin them from preventing its injection of salt water. The complaint alleged diversity of citizenship and the requisite amount in controversy. The defendants' answer denied that the amount in controversy was sufficient.

After a trial on the merits, the trial court found it had jurisdiction by reason of diversity with the requisite amount in controversy, and then ordered that the defendants be permanently enjoined from excluding the plaintiff from the premises. The defendants have taken this appeal, advancing several points, among which are that the agreement between the plaintiff and several of the cotenants created an easement which is improper under the law of Oklahoma; that a tenant in common without the consent of all his cotenants cannot grant a lease which gives the lessee exclusive possession of any part of the land, and that the use of a well for salt water disposal is not a proper use of the property to be made by less than all of the cotenants.

The defendants assert also that the plaintiff failed to prove the jurisdictional amount, and this point will be first considered. This action was commenced in the United States District Court, and since plaintiff's allegation of jurisdictional amount was controverted, the burden of establishing the amount in controversy fell upon the plaintiff. It was so held in City of Lawton, Oklahoma, v. Chapman, 257 F.2d 601 (10th Cir.); McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.

486

Ed. 1135, and Buck v. Gallagher, 307 U.S. 95, 59 S.Ct. 740, 83 L.Ed. 1128. Hence the question presented on this point is whether or not the plaintiff has met this burden. The record shows that the witness for the plaintiff examined on this point stated that approximately $15,000.00 had been spent in the conversion of an existing abandoned oil well (originally drilled by plaintiff) to a salt water disposal well. This witness referred to certain answers to interrogatories for the details or itemization of this expenditure. This itemization shows that of the $15,978.43 spent for the conversion, $14,865.20 represented the cost of 7,000 feet of casing in the well. This item, together with several others, was listed in the answers made by the plaintiff to defendants' interrogatories as "capable of being removed if the operation had been discontinued." Thus there would seem to be no question but what the casing, as well as certain other listed items, are recoverable by the plaintiff should its use of the well as a salt water disposal well be discontinued. The record further shows that there was no disposition on the part of the defendants to prevent any removal of the equipment. The original cost of drilling the well as an oil well is not a measure of the amount in controversy as such purpose and use terminated. Other than the proof of original cost and cost of conversion including recoverable items, there is no evidence in the record as to the value of the plaintiff's use of the premises which is sought to be protected by injunction. The trial court made a finding only as to the cost of conversion of the well. The Supreme Court in Glenwood Light and Water Co. v. Mutual Light, Heat and Power Co., 239 U.S. 121, 36 S.Ct. 30, 60 L.Ed. 174, has stated in effect that the value of the right of the plaintiff to conduct its business free of interference by the defendant was the determining factor. The Supreme Court in KVOS, Inc. v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183, also refers to the value of the right for which protection is sought. This measure was also discussed in Federated Mutual Imp. & H. Ins. Co. v. Steinheider, 268 F.2d 734 (8th Cir.).

There is no evidence in the record before us as to the value of the right which the plaintiff seeks to protect. The plaintiff had the burden and he has not met it.

The case is reversed and the trial court is directed to dismiss the complaint without prejudice.