### Frederic A. LANG and Joan Goodrich Lang, his wife et al.,
### v.
### COLONIAL PIPELINE COMPANY.
### Civ. A. No. 40823.

United States District Court
E. D. Pennsylvania.

Dec. 29, 1966.

David F. Binder, Philadelphia, Pa., for plaintiffs.

Peter Platten, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., Jack Vickrey & Howard D. McCloud, Atlanta, Ga., for defendants.

## OPINION

JOHN MORGAN DAVIS, District Judge.

The plaintiffs, property owners in Chester County, Pennsylvania, have brought this action to eject the defendant from their land and to recover damages for trespass. They contend that the defendant had no right to embed a thirty inch diameter petroleum pipeline in their property and that the defendant has not complied with the necessary safety regulations to minimize its danger. Jurisdiction is predicated on diversity of citizenship and the Due Process Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States.

We have before us for disposition the defendant's motion to dismiss the complaint for lack of subject matter jurisdiction on the ground that the amount in controversy in respect to each plaintiff is less than $10,000, exclusive of interests and costs. 28 U.S.C. §§ 1331, 1332.

We held a hearing on this matter at which Mr. Lang, one of the plaintiffs, testified. We then requested the plaintiffs to submit affidavits from qualified real estate men as to any decrease in the value of each plaintiff's real estate because of the presence of the defendant's pipeline. We gave the defendant the opportunity to submit counter-affidavits.

In due course, we received the affidavits of real estate men in the Chester County area indicating that each of the seven properties involved in this case have lost at least $10,000 in value because of the pipeline or would be worth at least $10,000 more than they are now if the pipeline were removed. The defendant declined to submit counter-affidavits. Instead it sent us a letter dated December 14, 1966 in which it attacked the appraisals as "devoid of merit," first of all because one affidavit refers to what defendant considers a non-existent hazard caused by the pipeline, and secondly because the affidavits do not set forth the factual basis of their conclusions and "border on the speculative, if not frivolous."

Instead of the affidavits being "devoid of merit," we consider the defendant's letter to us devoid of merit. The defendant is attempting to impeach the bona fide evaluation of property by competent real estate men familiar with property in Chester County; yet it has not submitted counter-affidavits of other real estate men to vitiate these appraisals.

It is important to remember that we have before us a motion to dismiss the complaint for want of the jurisdictional amount, not the question as to the actual value of the property or the exact amount that it has been harmed due to the defendant's allegedly wrongful conduct. It is irrelevant at this point whether or not the pipeline is in fact a

hazard. If prospective buyers think there is one and the value of the property is therefore affected we have a fair basis for monetary allegations in the complaint. The test with respect to the motion before us is whether the plaintiffs have made their allegations of damages in good faith in an action for ejectment and trespass. On the basis of the testimony at the hearing and the affidavits submitted, we conclude that there is the requisite good faith and that the plaintiffs have met their burden. Furthermore, we cannot say that it appears to us to a "legal certainty" that the value in controversy is less than the jurisdictional amount. Jaconski v. Avisun Corporation, 359 F.2d 931 (3d Cir.1966). See St. Paul Mercury Indemnity Co. v Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938); McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

Because of our decision, it will be unnecessary for us to decide the very interesting question raised both at the hearing and in the briefs as to whether the cost to the defendant of removing the pipeline, if it exceeded $10,000, can act as a basis for our jurisdiction if the damages to each plaintiff did not meet this amount. See Thomson v. Gaskill, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942); Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939); KVOS, Inc. v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183 (1936); McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Glenwood Light and Water Co. v. Mutual Light, Heat and Power Co., 239 U.S. 121, 36 S.Ct. 30, 60 L.Ed. 174 (1915); Mississippi & Missouri R. Co. v. Ward, 67 U.S. (2 Black) 485, 17 L.Ed. 311 (1862); Hart & Weshsler, Federal Courts & Federal System pp. 982 ff.; Wright, Federal Courts § 34; Dobie, Jurisdictional Amount in the United States District Court, 38 Harv.L.Rev. 733 (1925); Federal Jurisdictional Amount; Determination of the Amount in Controversy, 73 Harv.L.Rev. 1369 (1960).

## ORDER

And now, this 29th day of December 1966, it is hereby Ordered the defendant's motion to dismiss the Complaint for lack of subject matter jurisdiction be and the same is denied.