**Beatrice MYERS, etc., Plaintiff,**

v.

**LONG ISLAND LIGHTING COMPANY, etc., et al, Defendants.**

No. CV 85–3922.

United States District Court, E.D. New York.

Dec. 12, 1985.

Rubin & Brady by Henry Rubin, Ledgewood, N.J., for plaintiff.

Shea & Gould by Richard F. Czaja, New York City, for defendants.

MEMORANDUM AND ORDER

WEXLER, District Judge

Plaintiff Beatrice Myers, also known as Beatrice Myers-Rubin, brings this action to enforce certain of her rights as a holder of preferred stock in defendant Long Island Lighting Company (LILCO), against LILCO and the individually named directors and officers (individual defendants) of LILCO. Ms. Myers-Rubin is a citizen of New Jersey and holds 100 shares of $2.47 Series O preferred stock. LILCO is a New York corporation with its principal place of business in New York. The plaintiff alleges that all the individual defendants are citizens of New York.[1] Plaintiff grounds jurisdiction in this Court in diversity of citizenship, 28 U.S.C. § 1332(a)(1).

Plaintiff sought class certification of all current holders of all series of LILCO preferred stock with herself as class representative. Rule 23, Fed.R.Civ.P. The

1. In fact, plaintiff alleges only the parties' residences. To maintain jurisdiction under 28 U.S.C. § 1332 the complaint must make a positive averment of state *citizenship*. *John Birch Society v. National Broadcasting Corp.*, 377 F.2d 194, 197 (2d Cir.1967). Although domicile is often construed as the equivalent of citizenship, mere residency is not. *Cowell v. Ducas*, 2 F.Supp. 1 (S.D.N.Y.1932). However that may be, for the purposes of this motion the Court presumes that plaintiff means "citizen" when using the term "resident."

Court denied orally the motion for class certification on two occasions. Class certification was denied because counsel for plaintiff, and the proposed class, is married to the plaintiff. The intimate relationship of husband and wife poses obvious questions of conflict of interest and of counsel's ability to adequately represent the other members of the class. The Court also doubts that Ms. Myers-Rubin is truly representative of the proposed class and can fairly and adequately represent its interests.

Defendant LILCO now moves for dismissal of the action for lack of subject matter jurisdiction.[2] Rule 12(b)(1), Fed.R.Civ.P. Specifically, defendant contends that the requisite amount in controversy is lacking. 28 U.S.C. § 1332(a).

I.

Analysis of the issue of jurisdictional amount must begin with examination of the complaint and the relief plaintiff seeks. Plaintiff bought her preferred stock in 1975. The first count of the complaint alleges that LILCO and its directors and agents entered into a revolving credit agreement in 1984 that encumbered corporate assets in contravention and violation of the corporate by-laws. In particular, the loan by its terms suspended preferred stock dividends for ten months, and allegedly diminishes the value of the preferred stock. The second count asks for damages for negligent management as against the individual defendants, based on the same acts as alleged in the first count. These two counts demand compensatory damages for the entire proposed class from LILCO and the individual defendants for unpaid dividends and loss of value of the stock. The third count duplicates the first, but asks for a damage award to Ms. Myers-Rubin only, not the proposed class. Likewise, the fourth count duplicates the second. The fifth count seeks enforcement of the corporate by-law provision that requires a special election of directors by the preferred stockholders if they have not received dividends for four quarters.

It is undisputed that dividends on preferred stock have not been paid for at least the past four quarters. The parties do dispute whether LILCO has called the required special elections meeting and whether the notice given is sufficient. Plaintiff initially seeks an order from this Court compelling scheduling of an immediate preferred stockholders meeting for election of new directors. As to the amount in controversy, the complaint merely recites that it exceeds $10,000.00. Section 1332(a) requires that the amount in controversy must exceed $10,000.00 in order to sustain diversity jurisdiction. LILCO contends that plaintiff's claims do not amount to $10,000.00.

II.

The controlling case on the issue of jurisdictional amount is *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). There the United States Supreme Court declared:

> The rule governing dismissal for want of jurisdiction in cases brought in federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

*Id.* at 285, 58 S.Ct. at 590. The rule, then, is that the value of the cause of action or the amount in controversy is determined from the plaintiff's point of view, that is, what she will recover or avoid losing if her suit is successful. 1 Moore's Federal Practice ¶ 0.91[1] (2d ed. 1985). Defendant points out that the value of the undeclared five quarters of dividends now owing on plaintiff's preferred stock holdings is $308.75. It appears from oral argument that plaintiff's 100 shares of preferred stock are worth no more than $2,500.00.

2. The individual defendants have not entered a separate appearance or motion.

Thus the amount at stake for plaintiff in this action is far less than $10,000.00.

Plaintiff argues that this calculation of value is incorrect on several grounds. Plaintiff maintains that since she invokes this Court's equity jurisdiction, valuation of the monetary worth of her stock and dividends owed is not the proper standard. The rule is, however, that when the Court is called on to order declaratory or equitable relief the jurisdictional minimum is still necessary and the plaintiff's viewpoint is still the determining test. *E.g., Glenwood Light & Water Co. v. Mutual Light, Heat & Power Co.,* 239 U.S. 121, 125, 36 S.Ct. 30, 32, 60 L.Ed. 174 (1915); *Kheel v. Port of New York Authority,* 457 F.2d 46 (2d Cir.), *cert. denied,* 409 U.S. 983, 93 S.Ct. 324, 34 L.Ed.2d 248 (1972); 1 Moore's Federal Practice ¶ 0.95 (2d ed. 1985). In addition, when an individual stockholder seeks injunctive relief against a corporation the amount in controversy is the value of the plaintiff's stock, which is the limit of the threatened loss to the plaintiff. *Susquehanna Corp. v. General Refractories Co.,* 250 F.Supp. 797, 800 (E.D. Pa.), *aff'd,* 356 F.2d 985 (3d Cir.1966); *Weeks v. American Dredging Co.,* 451 F.Supp. 464 (E.D.Pa.1978); *Textron, Inc. v. American Woolen Co.,* 122 F.Supp. 305, 308 (D.Mass.1954).

Nonetheless, plaintiff next insists that the amount in controversy must be assessed from the defendant's standpoint, that is, LILCO's total liability to preferred shareholders if plaintiff succeeds. This approach is obviously inconsistent with the prevailing view of valuation just discussed. It is also a backdoor attempt to claim the aggregate value of all preferred shareholders' potential recovery in contradiction of the Supreme Court's holding in *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). In *Zahn* the Supreme Court held that in a diversity action each plaintiff must individually satisfy the jurisdictional amount, including the plaintiffs in a class action. *Id.* at 301, 94 S.Ct. at 512. Of course, as the Court has denied class certification there is only one plaintiff in this action and technically there are no claims to aggregate. Nevertheless, taking guidance from the clear rule of *Zahn,* the Court will not allow aggregation of claims through the device of designating the threatened loss to the defendant from all claims arising from the same events as the amount in controversy. Ms. Myers-Rubin, however, insists that the Court should view the amount in controversy as the total threatened loss to defendant, because if she prevails in her suit it will operate as *stare decisis* or collateral estoppel in actions by other LILCO preferred stockholders. This contention has been rejected numerous times, by numerous courts, in numerous forms. *E.g., Healy v. Ratta,* 292 U.S. 263, 267, 54 S.Ct. 700, 702, 78 L.Ed. 1248 (1934); *Elliott v. Empire Natural Gas Co.,* 4 F.2d 493, 500 (8th Cir.1925); 1 Moore's Federal Practice ¶ 0.91[2] (2d ed. 1985). It is not the proper basis for determining the amount in controversy.

In contrast, if this action were a stockholder derivative action wherein the shareholder plaintiffs were seeking damages as a class, the amount in controversy would be controlled not by the value of their individual claims, but by the measure of the damage suffered by the corporation, the real party in interest. *E.g., Koster v. Lumbermans Mutual Casualty Co.,* 330 U.S. 518, 522, 67 S.Ct. 828, 831, 91 L.Ed. 1067 (1947). In this instance, however, plaintiff sues not to enforce a right of the corporation that management failed to pursue, but to enforce her rights under the by-laws and receive money damages from the corporation. Accordingly, it is the benefit to the individual plaintiff that determines the jurisdictional amount in this case.

III.

Finally, plaintiff seeks to add the value of her common stock in LILCO and her $10,000.00 corporate bond to the amount in controversy. Neither of these holdings is at stake in her pleadings. Amendment of the complaint to include the thirty-three $5.00 par value common shares would not

satisfy the jurisdictional amount. Moreover, there is no indication that the rights plaintiff seeks to vindicate in her action apply to common stock. And there is nothing to indicate that the worth or interest rate of plaintiff's bond is impaired by any of the acts that are the gravamen of her complaint.

IV.

The Court concludes that it appears to a legal certainty that the amount in controversy is less than the amount required to sustain subject matter jurisdiction under 28 U.S.C. § 1332(a). By the Court's most generous calculation, plaintiff's claim is worth no more than several thousand dollars. This is far short of the jurisdictional amount. The district courts are courts of limited jurisdiction and must strictly construe their grant of subject matter jurisdiction. *Kresberg v. International Paper Co.*, 149 F.2d 911, 913 (2d Cir.), *cert. denied*, 326 U.S. 764, 66 S.Ct. 146, 90 L.Ed. 460 (1945). In this case, subject matter jurisdiction is lacking and the action must be dismissed. Rule 12(b)(1) and (h)(3), Fed. R.Civ.P. Where the Court does not have subject matter jurisdiction, it should refrain from any further exercise of power. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17–18, 71 S.Ct. 534, 542, 95 L.Ed. 702 (1951). Therefore, the Court declines to address defendant's motion to dismiss the fifth count of the complaint for failure to state a claim.

The Court notes that plaintiff is not without recourse. The New York state courts are courts of general jurisdiction, well able to enforce a shareholder's rights under state law and the corporate by-laws.

V.

As the amount in controversy clearly is less than $10,000.00, the Court lacks subject matter jurisdiction in this case. 28 U.S.C. § 1332(a). Accordingly, LILCO's motion to dismiss is granted. The Clerk of the Court is hereby directed to enter judgment for the defendants, dismissing plaintiff's action without prejudice.

SO ORDERED.