Beverly **HILLEY**

v.

**MASSACHUSETTS MUTUAL LIFE INS. CO.**

No. Civ.A. 98–386.

United States District Court, E.D. Pennsylvania.

Sept. 17, 1998.

Sheldon Tabb, Elkins Park, PA, for Beverly Hilley, Plaintiff.

Michael J. Glasheen, MC Carter & English, Philadelphia, PA, for Massachusetts Mutual Life Ins. Co., Defendant.

## OPINION

LOUIS H. POLLAK, District Judge.

This lawsuit concerns a dispute over a disability insurance policy. At issue is whether the plaintiff is disabled under the terms of the insurance contract. This court must now decide whether this case, removed from state court on grounds of diversity, should be remanded to the state court because, so plaintiff contends, the amount in controversy does not exceed $75,000 as required by 28 U.S.C. § 1332(a). Since future disability payments under the insurance contract cannot be taken into account in determining the amount in controversy, this court concludes that the requisite jurisdictional amount is not present. Accordingly, the case will be remanded to the state court.

### Analysis

In determining whether litigation over a disability insurance contract meets the jurisdictional threshold, courts have generally looked only to the past payments allegedly due in determining the value of the claim or suit; i.e., only those payments that are alleged to have been wrongly withheld in the

past are used to compute the amount in controversy. *See Gray v. Occidental Life Ins. Co. of California*, 387 F.2d 935, 936 (3d Cir.1968) (per curiam) (limiting the amount in controversy to payments that had accrued when the complaint was filed); *Banks v. Travelers Insurance Co.*, 60 F.R.D. 158, 160 (E.D.Pa.1973) ("The standard for determining the amount in controversy for jurisdictional purposes in a suit regarding payment of benefits under a disability insurance contract is the amount owing at the time of the filing of the suit." (citations omitted)). One qualification of this rule is that, where the validity of the contract itself—rather than the meaning or application of any contractual language—is at issue, the full value of the contract, including any future payments that may possibly become payable to the insured, may be taken into account in computing the amount in controversy. *See American Franklin Life Ins. Co. v. Galati*, 776 F.Supp. 1054, 1058 (E.D.Pa., 1991) ("When an action is brought to rescind an insurance contract, at issue is not merely the insured's right to benefits already received or claimed to be owed, but rather the insured's right to coverage and benefits under any circumstances. The value of that right ... cannot be restricted to the value of benefits accrued in the past."). The underlying rationale seems to be that where the validity of the insurance contract is called into question, the dispute concerns the entire value of the contract, including both past and future payments. By contrast, where the dispute only concerns the interpretation of a contractual term (here: disability), the amount in controversy is conceived to be limited to the sums already withheld on the basis of the disputed interpretation. Under these latter circumstances, the amount, indeed the possibility, of future payments is too speculative to be taken into account in determining the amount in controversy.

In the instant case, the only question at issue appears to be whether plaintiff is disabled within the meaning of the contract. Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Remand at 4 ("The only question in this case is plaintiff's continued total disability and there is no question as to the validity of this policy."); Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Remand at 4–5 ("So, too, here, MassMutual agrees with Plaintiff's proposition that she cannot recover at trial any more than the benefits due at the time of institution of suit, or, perhaps, at the time of trial. Defendant MassMutual also agrees that this Court could not enter a monetary award for the Plaintiff based upon future disability benefits."). On these facts, future benefits cannot be taken into account in determining the amount in controversy. *See Bree v. Mutual Benefit Health and Accident Assoc.*, 182 F.Supp. 181, 183 (E.D.Pa.1959) ("an insurer's mere failure to pay monthly benefits when due does not amount to a breach of the policy in its entirety."); *Joseph E. Edwards, Annotation, Determination of requisite amount in controversy in diversity action in Federal District Court involving liability under, or validity of, disability insurance*, 11 A.L.R.Fed 120, 132 (1972) ("Although there is some authority which could arguably be asserted as supporting a contrary view, it has been generally held that future potential benefits may not be taken into consideration in the computation of the amount in controversy ... where the controversy concerns merely the extent of the insurer's obligation with respect to disability benefits and not the validity of the policy."). Because the value of the past due payments, as of the filing of the complaint, appears to have been only $3,050, federal diversity jurisdiction cannot be sustained.[1]

 Defendant argues that the "invocation of injunctive relief" alone establishes the basis for federal jurisdiction. Defendant's Memorandum of Law at 3. However, the simple invocation of injunctive relief does not somehow transform a case—otherwise ineligible to be heard in diversity—to one properly brought in federal court. It is, of course, true that where the relief sought is injunctive, the value of the interest for which the plaintiff seeks protection determines the amount in controversy. *Glenwood Light & Water Co. v. Mutual Light, Heat & Power Co.*, 239 U.S. 121, 125–126, 36 S.Ct. 30, 60

---

1. See note 2, *infra.*

L.Ed. 174 (1915); *Spock v. David*, 469 F.2d 1047, 1052 (3d Cir.1972), *rev'd on other grounds sub. nom. Greer v. Spock*, 424 U.S. 828, 96 S.Ct. 1211, 47 L.Ed.2d 505 (1976). To the extent that the plaintiff has an interest sufficiently weighty to ground a claim for injunctive relief, that interest is her claim to be disabled under the terms of the insurance contract. Put otherwise, if the substance of the dispute is whether the plaintiff's present condition qualifies as a disability under the contract, then the value of the interest she seeks to protect must be the benefit that would accrue to her should she prevail on that issue. Although it is clear that if plaintiff prevails she will be entitled to past benefits, it seems unduly speculative to say that the plaintiff would be entitled to the future benefits until the expiration of the contract (sometime in 2008). Rather, she would be entitled to those benefits only so long as there were no material changes in her position. Since the past due benefits apparently amount to only $3,050,[2] and since it would, at best, be speculative to assert that the plaintiff's future benefits will exceed $71,950 (i.e., $75,000 less $3,050), this court concludes that the amount in controversy does not exceed $75,000.[3]

### ORDER

For the foregoing reasons, it is hereby ORDERED that plaintiff's Motion for Remand is GRANTED, and this case is hereby REMANDED to the Court of Common Pleas of Philadelphia County, Pennsylvania. The clerk will forward a certified copy of this order to the prothonotary of that court. Plaintiff's further motion for fees and costs is DENIED as plaintiff has failed to present any argument on that issue.

2. This court calculates the past due benefits as equal to $3,050, i.e., $610/month for the 5 month period from August 1997 to January 1998, when the complaint was filed. The defendant argues that the past due benefits should be calculated as amount that allegedly should have been paid between August 1997 and the time of trial. *See* Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Remand at 5. However, even if a trial were to take place as late as August 1999, the past due benefits would still not exceed $14,640, i.e., $610/month for the 24 month period.

3. Quite apart from the jurisdictional amount problem, there is good reason to doubt that a Pennsylvania court sitting in equity would entertain an action for a mandatory injunction regarding the payment of future disability payments. That, at all events, appears to be the lesson to be drawn from the thoughtful opinion of my colleague Judge Reed in *Doe v. Provident Life and Acc. Ins. Company*. 936 F.Supp. 302 (E.D.Pa.

1996). In that case, the plaintiff sought injunctive relief for payment of past and future benefits under three disability insurance contracts. *Id.* at 304–5. Judge Reed reasoned that the Pennsylvania Supreme Court would not allow such a suit to go forward in equity because (1) the assumption that the defendant would refuse to pay the plaintiff future benefits after a judicial declaration of disability was speculative; (2) such an injunction "would involve the courts in ongoing claims management of insurance policies," an inefficient practice, at best; (3) the case concerned a private dispute and no "statutory scheme regulating coverage and the payment of benefits" was implicated; and (4) Pennsylvania has a "relatively long legal history of denying claims for future benefits under disability insurance policies absent complete repudiation." *Id.* at 308. Judge Reed, thus, held that the plaintiff "has an adequate remedy at law and so cannot pursue his claim in equity." *Id.* at 308 (footnote omitted).